State ex rel. Stevens and another, Petitioners, vs. Grimm, Circuit Judge, and another, Respondents.

*March 11—April 5, 1927.*

*Process: Service on nonresidents by serving secretary of state: When service is made: Depositing summons and complaint in postoffice.*

1. Mailing notice to nonresident defendants on the same day that the summons and complaint in an action were mailed to the secretary of state was not a compliance with sub. (3), sec. 85.15, Stats., relating to substituted service on nonresident motorists, since notice of the filing in the office of the secretary of state could not properly be given until the notice had been actually filed. p. 604.

2. One seeking to claim the benefit of substituted service under said sub. (3), sec. 85.15, must show full and substantial compliance with the provisions of the statute in that regard. p. 604.

3. Depositing the summons and complaint, addressed to the secretary of state, in the postoffice was not service on him under sub. (3), sec. 85.15, Stats., and sec. 269.35, relating to service by mail, since the plaintiff made the postoffice her agent, and the act was not complete until the documents were received by the secretary of state. p. 604.

4. Where said sec. 85.15 had not been substantially complied with, the court obtained no jurisdiction over the nonresident defendants, since it is compliance with the statute, not receipt of the summons and complaint by the defendant, that gives jurisdiction.  p. 605.

5. Where the court had no jurisdiction because the statute had not been sufficiently complied with, and its jurisdiction was seasonably challenged, there being no waiver, a motion to dismiss made by the defendants in the original action should have been granted.  p. 605.

THIS IS AN ORIGINAL PROCEEDING, begun by petition in this court, praying that a writ of prohibition issue restraining the circuit court for Jefferson county from any further proceedings in an action wherein *Mary Steffen* is plaintiff and *R. B. Stevens* and *Stanley R. Stevens* are defendants.

The facts in this case are briefly as follows: *Stanley R. Stevens* is the son of *R. B. Stevens*. They both reside at 5026 Emerson avenue, Minneapolis, Minnesota. On September 1, 1926, while *Stanley R. Stevens* was operating a car owned by *R. B. Stevens* upon state trunk highway number 19, at a point a few miles west of the city of Watertown, the automobile which he was driving collided with an automobile owned by one Dan Patterson. The plaintiff *Mary Steffen* was a guest in Mr. Patterson's automobile and claims to have been injured in the accident. The petitioners allege that *Stanley R. Stevens* was using his father's car for purposes of his own and was not an agent of the father, *R. B. Stevens*. On behalf of the plaintiff it is claimed that he was such agent.

For the petitioners there was a brief by *Richmond, Jackson, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondents there was a brief by *Kading & Kading,* and oral argument by *Harold M. Dakin,* all of Watertown.

ROSENBERRY, J. The plaintiff attempted to begin the action by making substituted service upon the defendants in accordance with the provisions of sec. 85.15 (3), Stats. That section provides:

"Service of such process shall be made by serving a copy upon the secretary of state or by filing such copy in his office, together with a fee of two dollars, and such service shall be sufficient service upon the said nonresident; provided, that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant, at his last known address, and that the plaintiff's affidavit of compliance herewith is appended to the summons."

It appears without dispute that at 12 o'clock noon on October 2, 1926, the plaintiff deposited in the postoffice at Watertown, Wisconsin, one copy of the summons and complaint in an envelope securely sealed, addressed to the secretary of state at Madison, Wisconsin, with the postage fully prepaid thereon. Thereafter on the same day the attorneys for plaintiff wrote and mailed the following letter:

"Watertown, Wisconsin.
"Mr. R. B. Stevens,               October 2, 1926.
      "Minneapolis, Minnesota.
"Dear Sir: In connection with the case of Dan Patterson against yourself and *Stanley R. Stevens* now pending in the circuit court of Jefferson county, Wisconsin, we have in compliance with the statute filed with the secretary of state, Madison, Wisconsin, a copy of the summons and complaint, and also in compliance with the statute we hand you herewith a copy of the summons and complaint.

"We also have filed with the secretary of state at Madison, Wisconsin, a copy of the summons and complaint in the action now pending in the circuit court of Jefferson county, Wisconsin, in which *Mary Steffen* is plaintiff, and you and *Stanley R. Stevens* are defendants, and hand you herewith a copy of such summons and complaint. All of which is done in compliance with the statute."

It appears from the indorsement made by the secretary of state that the summons and complaint was in fact filed in his office on October 4, 1926; having been mailed Saturday noon, it is apparent it was not received in the office of the secretary of state until Monday, October 4th. Similar procedure was followed with reference to *Stanley R. Stevens* on behalf of the respondents. It is contended that this is a sufficient compliance with the statute. Sec. 269.35 provides:

"Service by mail may be made where the person making the service and the person on whom it is to be made reside in different places between which there is a regular communication by mail. The copy of the paper to be served must be properly inclosed in a postpaid wrapper and addressed to the person on whom it is to be served at his proper postoffice address, without any direction to the postal officers upon the wrapper for the return thereof in case of nondelivery to the person addressed, and must be deposited in the postoffice and left there to be carried."

Waiving the question of the sufficiency of the affidavit of mailing, it is quite apparent that the plaintiff could not give notice of the serving or filing of the summons and complaint upon the secretary of state prior to the performance of that act. The statute clearly requires that notice be given of an existing fact, to wit, the service of the summons and complaint upon the secretary of state, and it is not a substantial compliance with the statute to give notice of something which has not yet been done. Notice of filing in the office of the secretary of state could not properly be given until the notice had been filed. It requires no argument to establish the proposition that one seeking to claim the benefit of substituted service must show full and substantial compliance with the provisions of the statute in that regard. *Pollard v. Wegener,* 13 Wis. 569; *Likens v. McCormick,* 39 Wis. 313.

Depositing documents in the postoffice at Watertown was not service upon the secretary of state. By adopting that

mode of service, the plaintiff made the postoffice her agent for the delivery of the summons and complaint to the secretary of state. Whether it be regarded as a filing or a service, the act was not complete until the documents were in fact received by him.

The statute not having been substantially complied with, the court obtained no jurisdiction over either of the defendants. It is compliance with the statute, not receipt of the summons and complaint by the defendant, that gives jurisdiction. Jurisdiction of the court being seasonably challenged, there being no waiver, the motion to dismiss made by the defendants in the original action should have been granted.

*By the Court.*—Let the writ issue as prayed for.