William T. BOND, Appellant,

v.

Charles Mills GOLDEN, Appellee.

No. 6116.

United States Court of Appeals
Tenth Circuit.

Nov. 30, 1959.

Robert J. Roth, Wichita, Kan. (R. C. Russell, Isabel Obee, Don C. Foss, Great Bend, Kan., A. W. Hershberger, Richard

Jones, Wm. P. Thompson, H. E. Jones and Jerome E. Jones, Wichita, Kan., on the brief), for appellant.

Lawrence Weigand, Wichita, Kan. (Lawrence E. Curfman, Byron Brainerd, Charles W. Harris, Orval J. Kaufman, J. Ruse McCarthy, Donald A. Bell and Charles C. McCarter, Wichita, Kan., on the brief), for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiff-appellant urges error in the dismissal with prejudice of his complaint filed, after removal, in the United States District Court for the District of Kansas. Although the order of dismissal does not designate specific grounds therefor it is apparent that the trial court premised the dismissal upon a holding that plaintiff had failed to obtain proper service of process upon defendant and that such failure had resulted in barring plaintiff's claim pursuant to the applicable Kansas statute of limitations. This appeal requires consideration of two questions of law, each governed by the statutory law of Kansas as aided by judicial expression in that state: 1. Did the plaintiff substantially comply with the Kansas "long-arm" statutes relating to service of process upon a nonresident motorist?[1] 2. Does the absence of a nonresident motorist from the state toll

1. 1949 Kan.G.S. 8–401.

"Service of process in actions against nonresidents. That the acceptance by a nonresident person of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Kansas, or the operation by a nonresident person, or his authorized chauffeur, or agent, of a motor vehicle on the said highways, other than under said laws, shall be deemed equivalent to an appointment by such nonresident of the secretary of state of the state of Kansas, or his successor in office, to be his true and lawful agent, upon whom may be served all lawful process in any action or proceeding against said nonresident, growing out of any accident or collision in which said motor vehicle may be involved, while same is operated in the state of Kansas by said nonresident, or by his authorized chauffeur or agent; and said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him which is so served on the secretary of state shall be of the same legal force and validity as if served upon him personally within the state."

1957 Kan.G.S.Supp. 8–402.

"Procedure in procuring service of process pursuant to G.S.1949, § 8–401. The manner of procuring and serving process in any cause, brought pursuant to the preceding section, shall be as follows, to-wit: The plaintiff shall file a verified petition in one of the district courts or magistrate courts of the state as established by chapter 20, article 25, General Statutes of 1949, in the county where the cause of action arose or the

the running of the statute of limitations?[2]

Plaintiff is a resident of Kansas, defendant of the state of New York. On July 17, 1958, plaintiff filed a complaint in the District Court of Barton County, Kansas, setting forth a claim for damages arising from an automobile accident which occurred on July 18, 1956, in that county and state. The Kansas court, after determination that the complaint alleged facts showing the proper application of the "long-arm" statute, entered an order on July 17, 1958 that "service of process be made on the defendant as provided in section 8–401, General Statutes of Kansas, 1949; that a copy of the process herein, of plaintiff's petition, of this order, and a notice that the same have been served upon the Secretary of State, pursuant to said Section 8–401, General Statutes of Kansas, 1949, and Section 8–402, 1957 Supplement to General Statutes of Kansas, 1949, be delivered to said defendant by registered mail or personally to said defendant by a Sheriff or Deputy Sheriff in the State of said defendant's residence."

Summons was issued July 17, placed in the hands of the sheriff on July 19 and served by him on the Secretary of State on July 21. On July 17 counsel for plaintiff mailed to the defendant a letter in notice form thus:

"July 17, 1958

"Mr. Charles Mills Golden, 59 Fort Sperry Road, Cohoes, New York.

"Re: Bond v. Golden, Barton County, Kansas, District Court No. 19,785.

"Dear Sir: You are hereby notified that suit against you has been filed as shown by the caption hereof. Enclosed herewith please find the following to-wit:

"Copy of plaintiff's petition.

"Order of the District Court of Barton County, Kansas issued this date.

"Copy of Summons served upon the Secretary of State, State of Kansas, which said summons was forwarded to the Secretary of State this date.

"Yours very truly,
"Russell, Obee & Foss
"By

"f/m
"Registered Mail
"Return Receipt Requested"

---

plaintiff resides, showing a cause of action against the defendant of the class contemplated in section 8–401 of the General Statutes of 1949; and shall further show in said petition, or by affidavit, to the satisfaction of the judge of said court, that the defendant is one of the persons contemplated in section 8–401 of the General Statutes of 1949, and the residence of said defendant, and a description of the car or motor vehicle claimed to have been operated by the said defendant, or his agent, as near as the same can reasonably be ascertained by the plaintiff; and the time, place and nature of such accident, or injury. Upon such showing being made, the judge shall make an order, directing that service of process be made on the defendant as provided in section 8–401 of the General Statutes of 1949; and also, that a copy of the process, and petition, and of said order, and a notice that the same have been served upon the secretary of state, pursuant to this act,

be delivered to the defendant by registered mail or personally without the state by a sheriff or deputy sheriff in such state. Proof of such service shall be made by affidavit filed in said cause by the person making said service, and service shall be deemed complete thirty days from the date such personal service is made on the defendant. The court in which the action is pending shall, upon affidavit submitted upon behalf of the defendant, grant such additional time to answer, or continuances, as shall be reasonably necessary to allow defendant full opportunity to plead and prepare for the trial of the said cause."

2. 1949 Kan.G.S. 60–309.
"Statute tolled while person absent from state, has absconded or concealed himself; foreign corporations. If when a cause of action accrues against a person he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the ac-

The letter was received by defendant on July 22 and, at his instance, the action was removed to the United States District Court where on August 21 a motion to dismiss was filed questioning the sufficiency of service of process. On November 5, and while the motion to dismiss was pending, a second letter-notice was mailed to and received by defendant which admittedly meets the statutory requirements set forth in 1957 Kan.G.S. Supp. 8–402. Proof of this service was made on November 6. On this date, too, an affidavit was filed in regard to the July 17 letter and its enclosures. This affidavit does not purport to be made "by the person making said service" (1957, Kan.G.S.Supp. 8–402) and the affiant merely states that the files of plaintiff's counsel indicate that the July 17 letter and enclosures were sent to defendant.

In Kansas, as in many other states, the rule that statutes in derogation of the common law should be strictly construed has been made inapplicable by legislative enactment. 1949 Kan.G.S. 77–109; 1949 Kan.G.S. 60–102. But regardless of whether a statute is liberally or strictly construed substantial compliance with its requirements is essential before the benefits of the statute become available. Nor is it any answer to the fact of non-compliance with statutory requisites to assert that the general purposes of the statute have been met by means extraneous to the particulars of the statute. Service by substitution upon a fictional agent—here, the Secretary of State—cannot meet the demands of due process unless such service is complemented by notice to the defendant of the service. Goldey v. Morning News of New Haven, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517. The notice sent July 17 does not and cannot comply with this essential of the statute for service upon the Secretary of State was not had until July 21. The statute states, and the state court order required, that notice be sent that process and pleadings "have been served upon the secretary of state." These statutory words clearly set out the necessity of notice of an accomplished fact and do not call for the application of a rule of statutory construction. Where notice of an accomplished fact is required it is impossible to give such notice before the actual occurrence that brings into existence the fact. An attempt to so do is patently futile and a fatal non-compliance with the statute. Bucholz v. Hutton, D.C.Mont., 153 F. Supp. 62. State ex rel. Stevens v. Grimm, 192 Wis. 601, 213 N.W. 475. And although plaintiff points out that on July 22, the date the purported notice was received by defendant, process had been served on the Secretary of State this coincidence does not aid him. It is compliance with the statute, not receipt of the summons and complaint by the defendant, that attaches jurisdiction. State ex rel. Stevens v. Grimm, supra.

The second defect in plaintiff's effort to obtain "long-arm" service upon defendant lies in simple failure to make any attempt to make proof of service until the issue of faulty service was before the court and then to fail to observe the

---

tion shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if after the cause of action accrues he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought: *Provided*, This act shall not apply to any foreign corporation authorized to do business in the state upon which service of process can be had within the state."
1949 Kan.G.S. 60–306.
"Civil actions other than for recovery of real property. Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

\* \* \* \* \*

"Third. Within two years: An action for trespass upon real property; and action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud \* \* \*."

statutory mandate in such regard. Since the statute does not designate when the proof should be made a liberal construction of the enactment might grant great leeway in the matter of time. But the statute is clear that such proof "shall" be made and "by the person making said service." This has not been done.

■ The ruling of the trial court was, as we have pointed out, that the action should be dismissed with prejudice. Ordinarily an action which fails for lack of process, since the merits are not reached, is not so dismissed. However such dismissal would be proper if lack of process made it apparent from the pleadings that the claim was then barred by limitation.

■ This action was filed in state court one day before the applicable statute of limitations would bar the claim. 1949 Kan.G.S. 60-306. In such case the statute is tolled subject to the limitation noted by the Supreme Court of Kansas in Mingenback v. Mingenback, 176 Kan. 471, 271 P.2d 782, 789, wherein that court holds:

"It has long been the rule of this court that when an action is filed and summons issued, or an affidavit for publication filed within the period of limitation and the plaintiff faithfully, properly and diligently endeavors to procure service, the action is deemed commenced as of the date of the filing of the action, *provided service of summons or first publication is actually had within sixty days * * *.*" (Emphasis added.)

Since we hold that the attempt of July 17 to obtain service was defective and since the proper service had November 5 occurred more than sixty days after the action was filed it follows that the claim is barred unless, as plaintiff contends, the statute of limitations is further tolled by defendant's absence from Kansas and by virtue of 1949 Kan. G.S. 60-309. In consideration of that question we are not guided by Kansas judicial expression. However this court

has had recent occasion to consider the identical question under Oklahoma law. Moore v. Dunham, 10 Cir., 240 F.2d 198. There, as here, we are aided by the considered opinion of a district judge upon a matter of first impression arising in and governed by the law of his resident state. Here, as there, we see no reason to reverse the trial court's interpretation of local law. For the reasons set forth in Moore v. Dunham we hold that the Kansas statute of limitations was not tolled by defendant's absence from Kansas and that plaintiff's claim is barred. It follows that the trial court properly dismissed the action with prejudice and the judgment is accordingly affirmed.