HEASTON, by Guardian *ad litem,* Appellant, v. AUSTIN, Respondent.

*No. 213.  Argued April 1, 1970.—Decided May 1, 1970.*
(Also reported in 176 N. W. 2d 309.)

68

For the appellant there was a brief by *Marvin Resnick*, attorney, and *Donald J. Jacquart* of counsel, both of Milwaukee, and oral argument by *Mr. Jacquart*.

For the respondent there was a brief and oral argument by *Sidney Spector* of Milwaukee.

WILKIE, J. The sole issue before this court is whether by service of process utilized in this case the trial court obtained personal jurisdiction over defendant Cecil Austin.

The purpose of a summons is to give notice to the defendant that an action has been commenced against him.[1] In order for a court to obtain jurisdiction over

---

[1] *Milwaukee County v. Schmidt, Garden & Erikson* (1967), 35 Wis. 2d 33, 150 N. W. 2d 354.

a person, a summons must be served in a manner prescribed by the statutes.[2]

The statute relating to personal and substituted service on individuals is sec. 262.06, which provides, in part:

"**262.06 Personal jurisdiction, manner of serving summons for.** A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 262.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

"(1) NATURAL PERSON. Except as provided in sub. (2), upon a natural person:

"(a) By personally serving the summons upon the defendant either within or without this state.

"(b) If with reasonable diligence the defendant cannot be served under par. (a), then by leaving a copy of the summons at the defendant's usual place of abode within this state in the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof."

In this case it is agreed by all that the defendant was never personally served with the summons and complaint. Even if defendant actually knew of the pendency of the action, this is not equivalent to service.[3]

The actual question here becomes whether proper substituted service of the summons and complaint was provided pursuant to sec. 262.06 (1) (b), Stats. The defendant initially claims that the requirements of this subsection were not met because the plaintiff did not specifically allege that substituted service was utilized after exercising reasonable diligence in attempting to personally serve the defendant and failing in this attempt. The defendant below and in this court contends that the affidavit of service executed by Joseph Lisowski on July 14, 1966, was defective because it did not contain the allegation in so many words that he used

[2] *See Howard v. Preston* (1966), 30 Wis. 2d 663, 142 N. W. 2d 178.

[3] *Id.*

"reasonable diligence" in attempting to serve defendant personally and after this reasonable diligence he used substituted service. Defendant would make the use of the phrase "reasonable diligence" jurisdictional. He contends that the absence of this phrase in Lisowski's affidavit of service precludes the plaintiff from obtaining personal jurisdiction via substituted service.

As authority for this proposition, the defendant cites the recent case of *Beneficial Finance Co. v. Lee*.[4] That case also involved a motion to set aside and vacate service of a summons. There the lower court granted the motion and the plaintiff appealed. This court held that substituted service was not properly made upon the defendant where the process server did not attempt to locate the defendant, but only upon being informed by defendant's wife that he was not home, served her. This court pointed out that sec. 262.06 (1) (b), Stats., required "reasonable diligence" and as compared with the former substituted service provision (sec. 262.08 (3), Stats. 1959), a qualitatively greater degree of diligence in attempting to personally serve the defendant must be shown before substituted service on someone residing with him is permissible or effectual. Nothing in that decision indicates that the magic words "reasonable diligence" must be used in an affidavit of substituted service. In fact, sec. 262.17 (1) (b) sets forth the requirements that an affidavit of substituted service must contain. There is no mention in that statute of the phrase "reasonable diligence." That statute provides:

"(b) If served by any other person, his affidavit thereof, showing place, time and manner of service; that he is an adult resident of the state of service and is not a party to the action; that he knew the person served to be the defendant mentioned in the summons and left with, as well as delivered to, him a copy; and *if the defendant was not personally served, he shall state in*

---

[4] (1967), 37 Wis. 2d 263, 155 N. W. 2d 153.

*such affidavit when, where and with whom such copy was left."* (Emphasis added.)

Undoubtedly it would be better practice to include in such affidavits of substituted service the factual framework supporting the claimed reasonable diligence and the reasons why substituted service had to be utilized. However, this is not mandatory. The statute only requires that the affidavit show who, where and when—not why and how. The words "reasonable diligence" need not appear in the affidavit of service when substituted service is made.

On the other hand, the trial court correctly viewed sec. 262.06 (1) (b), Stats., as requiring "reasonable diligence" to be exercised in attempting to personally serve a defendant as a condition precedent to substituted service. Only after this reasonable diligence has been exercised is it permissible to utilize substituted service.

Thereafter, upon subsequent challenge, if any, to the efficacy of this substituted service, the acts which amounted to reasonable diligence must be shown. What amounts to reasonable diligence will depend upon the facts of each case.

Here the court properly took testimony to determine whether reasonable diligence had been exercised by Lisowski in attempting to personally serve the defendant. Lisowski testified that since the service of the summons and complaint in this case he had served approximately 15,000 additional processes. Lisowski also testified that he did not make notes of the instant service upon Willie Austin but he testified that it was his custom, when the person to be served was not home, to ask certain questions and to return again later. This is what he claims he did in this case. After failing to serve Cecil Austin in the morning of July 14, 1966, because he was not home, Lisowski testified he returned in the afternoon and again Cecil was not home. It was then that Lisowski left the summons and complaint

with Cecil's brother. While two attempts at personal service may under certain conditions be sufficient to show reasonable diligence, the trial court was justified in discounting this account and concluding that in this case this did not amount to reasonable diligence. This is especially true since Lisowski was testifying from his memory after an intervening service of process in 15,000 other cases. Moreover, Lisowski testified that he did not specifically recall the conversation he had with defendant's brother. Lisowski testified:

"Well, the only due and diligent search I encountered was I asked if the man [Cecil Austin] was home, when he would be home, and if they knew when he would be home."

He did not ask Willie where Cecil was.

Under the facts of this case, the trial court could have entered a finding either way on the point of whether reasonable diligence was exercised. Its finding that no reasonable diligence was exercised here as a condition precedent to substituted service is not against the great weight and clear preponderance of the evidence. Thus, the substituted service was improper and the court never obtained personal jurisdiction over the defendant.

Plaintiff argues that when defendant appeared before the court commissioner, he submitted to the jurisdiction of the court and thereby waived any objection he had to lack of service. This issue is not properly before this court because it was not raised below.[5] But, in any event, the issue is meritless since the appearance before the court commissioner came almost one and a half years after the entry of the default judgment in this case. By appearing before the court commissioner after entry of judgment defendant did not waive his objection

---

[5] See *Milwaukee Acceptance Corp. v. Dore* (1969), 43 Wis. 2d 412, 168 N. W. 2d 594; *West Side Bank v. Marine Nat. Exchange Bank* (1968), 37 Wis. 2d 661, 155 N. W. 2d 587.

to the lack of personal jurisdiction over him at the time the underlying lawsuit was commenced and judgment entered therein.

The result of our decision upholding the lower court's 1969 judgment setting aside the original 1966 attempted substituted service, with the resulting 1967 default judgment against the defendant, is to bar the plaintiff from any relief against this defendant because the basic statute of limitations has now run on her cause of action. This court is not unmindful of the fact that this result may be harsh on the plaintiff. But the result must inevitably follow from the basic purpose of requiring service on a defendant in order that he may be protected against judgment being foisted upon him on claims of which he really has no adequate notice. Sec. 262.01, Stats., provides that the provisions of ch. 262 "shall be liberally construed to the end that actions be speedily and finally determined on their merits." Nevertheless, "slipshod and haphazard attempts to serve are not sufficient" to satisfy the requirements of ch. 262.[6] Even though much time has elapsed between the attempted original service in this action and the present attack on that service, the original attempted service was found by the trial court to be inadequate and the overall purpose permitting judgments based on such inadequate service to be set aside is entirely justified.

*By the Court.*—Order affirmed.

---

[6] *Howard v. Preston, supra,* footnote 2, at page 669.