**U–PROFIT, INC., a Wisconsin corporation, Plaintiff,**

v.

**BROMLEY LIMITED, INCORPORATED, et al., Defendants.**

**TRUCK–O–MATIC, INC., a Delaware corporation, Plaintiff,**

v.

**Monty FREEDMAN et al., Defendants.**

**Nos. 71–C–190, 71–C–191.**

United States District Court,
E. D. Wisconsin.

Nov. 1, 1971.

Eugene N. Johnson, Johnson & Johnson, Waukesha, Wis., for U-Profit, Inc. and Truck-O-Matic.

Foley & Lardner, Milwaukee, Wis., for Bromley Limited and Freedman.

John R. Hieber, Chicago, Ill., for William H. Byerly and Wash-A-Matic.

Elwin Zarwell, Brady, Tyrrell, Cotter & Cutler, Milwaukee, Wis., for Bud Skillern; Derry Harding, Brown, & Harding, Lubbock, Tex., of counsel.

Reginald Nelson, Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., for Terry Adams.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The amended complaints in the above-entitled actions alleged that U-Profit, Inc. entered into a contract with the defendant Bromley Ltd., Inc. under which U-Profit was made the exclusive United States distributor of truck washing machines to be supplied by Bromley. U-Profit, in turn, executed a contract with Truck-O-Matic, Inc., whereby Truck-O-Matic was made the "sole sales, service and leasing agent for the truck washing machines furnished the plaintiff" U-Profit. The plaintiffs assert that they have incurred damages as a result of the defendants' wrongful interference with the above contracts; the plaintiff Truck-O-Matic also seeks to enjoin the alleged infringement of a trademark applied by it to the truck washing machines obtained from U-Profit. This court's jurisdiction to

hear the plaintiffs' claims, including Truck-O-Matic's claim of trademark infringement, is predicated upon diversity of citizenship.

This court has previously considered motions to dismiss in this case. See 330 F.Supp. 609 (E.D.Wis.1971). The plaintiffs were allowed, upon the payment of terms, to amend their complaints to show the requisite jurisdiction.

The present motions have been filed in both cases by four of the defendants. Each of the moving defendants seek dismissal, pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure, on the basis that the complaints fail to state a claim upon which relief can be granted; each defendant also seeks a more definite statement of the plaintiffs' alleged causes of action. In addition, the defendants Mr. Adams and Mr. Skillern contend that the service of the summonses and complaints upon them was invalid, and they ask this court to quash such service and to dismiss the actions as to them, pursuant to Rule 12(b) (2) and (5). Finally, in the case numbered 71–C–191, Mr. Adams and Mr. Freedman have moved to dismiss, under Rule 12(b) (3), on the basis that the venue in that action is improper. Mr. Adams' and Mr. Freedman's last motions will be considered first.

## I. MOTIONS TO DISMISS FOR IM-PROPER VENUE IN CASE 71–C–191

Truck-O-Matic's amended complaint in case 71–C–191 contains two separate causes of action; only the second cause of action seeks relief against Mr. Adams and Mr. Freedman, both of whom have moved for dismissal of the action on the basis that the venue is improper. In general, Truck-O-Matic alleges that Mr. Freedman entered into a conspiracy with Mr. Adams and Mr. Skillern to defraud the plaintiff by creating Wash-A-Matic of Texas, Inc.,

"... knowing that this unfair, illegal method would cause cancella-

tion of contracts and sources of sales to plaintiff Truck-O-Matic, Inc., thus preventing the plaintiff Truck-O-Matic, Inc. from purchasing truck wash units from U-Profit, Inc., which would in turn cause the cancellation of the contract between U-Profit, Inc. and Freedman and Bromley, Ltd."

The complaint also alleges that the defendants conspired to defraud Truck-O-Matic by causing Mr. Skillern to cancel a contract into which he had entered with the plaintiff and by "[dissuading] the Chicago Teamsters Union of entering into contracts with the plaintiff."

In actions in which the court's jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1391 sets forth the requirements which must be satisfied in determining the propriety of venue of such actions. Insofar as applicable to case 71–C–191, § 1391 provides:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

.    .    .    .    .    .

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Section 1391 thus gives a plaintiff a potential choice of three districts in which his action may be brought. In case 71–C–191, however, the defendants do not all reside in the same state or judicial district, and this court must now determine whether the present forum is the district "where all plaintiffs . . . reside" or "in which the claim arose."

In attempting to fix the district of *residence* of Truck-O-Matic, the only plaintiff in case 71–C–191, it appears

that § 1391(c), quoted above, is of little help. It is possible that this district would be appropriate, for venue purposes, were Truck-O-Matic a corporate *defendant* in this action; however, there is a division of authority as to whether § 1391(c) applies to corporate *plaintiffs* and, in my opinion, the better view is the one expressed in Control Data Corp. v. Carolina Power & Light Co., 274 F. Supp. 336 (S.D.N.Y.1967), where the court stated at page 339:

> "This view [that § 1391(c) applies only to corporate *defendants*] holds that the plain meaning of the words of § 1391(c) and the syntax of that sub-section indicate that Congress intended it to apply to corporate defendants only,—that if Congress had intended to include corporate plaintiffs, different language would have been employed. In the face of such wording, the courts are not justified in extending the meaning to cover corporate plaintiffs."

■ Furthermore, a corporate plaintiff is deemed to be a resident only of the state in which it was incorporated. Lumbermen's Mut. Cas. Co. v. South Portland Engineering Co., 252 F.Supp. 149, 150 (S.D.N.Y.1966); 1 Moore's Federal Practice ¶ 0.142[5.–3], at 1502 (1964). Because Truck-O-Matic was incorporated in Delaware, the present action has not been brought in the district of the plaintiff's residence, and it is necessary to determine if this district is the one "in which the claim arose"—the final option provided by § 1391—in considering the propriety of the venue of case 71–C–191.

■ The decision as to whether the plaintiff's claim arose in Wisconsin is considerably complicated by the averment in the amended complaint that Truck-O-Matic "is organized and existing under the laws of the state of Delaware and its principal place of business is at Walcott, Iowa, and Waukesha, Wisconsin." It is clear that, in supplying corporations with "dual citizenship" for diversity purposes, 28 U.S.C. § 1332(c) did not contemplate *two* principal places of business. On the other hand, a corporation's principal place of business may be determinative of the place in which the corporate plaintiff's claim arose, for the place of business may be the situs of the activities leading to the alleged injury or of the damages ultimately incurred by the plaintiff.

The original complaint in case 71–C–191 alleged only that the plaintiff "is a corporation organized and existing under the laws of the State of Delaware and doing business at Walcott, Iowa." Following the filing of the original complaint, the plaintiff was given leave to amend such complaint to show the requisite diversity of citizenship; Truck-O-Matic's complaint was revised by stating, inter alia, that the plaintiff has *two* principal places of business.

■ While it is possible that Truck-O-Matic's allegation that it is a citizen of Delaware, Iowa, and Wisconsin would not, of itself, deprive this court of diversity jurisdiction, for none of the named defendants appear to be citizens of those states, such allegation has made it doubtful that the present venue of this action is proper; furthermore, the averment of triple citizenship renders it equally difficult to determine the forum to which this action could be transferred, pursuant to 28 U.S.C. § 1406. I am of the opinion that the plaintiff may not have another opportunity to amend its complaint to allege the state or states of its citizenship. Mr. Adams' and Mr. Freedman's objections to the venue of this action must be sustained, and the amended complaint, and the action, in case 71–C–191, will be dismissed without prejudice.

## II. MOTIONS TO QUASH SERVICE IN CASE 71–C–190

In case 71–C–190, Mr. Adams and Mr. Skillern have moved to quash the service of the summonses and complaints upon them and to dismiss the action as to

them. The amended complaint states that Mr. Adams has been a resident and citizen of Pekin, Illinois, for the past five years, was once employed by U-Profit, and is, or was, a salesman for Truck-O-Matic. Mr. Skillern is alleged to be a resident and citizen of Midland, Texas, and "a principal officer of Wash-A-Matic of Texas, Inc., a Texas Corporation with its principal place of business at Midland, Texas."

The plaintiff avers that in October, 1970, Mr. Adams negotiated the sale of a truck washing machine on Truck-O-Matic's behalf to Mr. Skillern, and that Mr. Skillern made a down payment of $25,000. The complaint then alleges:

> "9. That in approximately the months of November and December, 1970 and January and February, 1970, the defendant Bud Skillern entered into contracts with Monty Freedman and Bromley, Ltd. and that the defendant Bud Skillern formed a corporation known as Wash-A-Matic of Texas, Inc. in the State of Texas, knowing of the exclusive contract between the plaintiff and the defendants Freedman and Bromley, Ltd., and further, that the defendant Terry Adams made numerous trips to Texas to assist in setting up the conspiracy to defraud U-Profit, Inc., culminating in the forming of the corporation known as Wash-A-Matic of Texas, Inc. to sell, service and maintain the very same truck wash units mentioned in the U-Profit, Inc. contract."

Both Mr. Adams and Mr. Skillern have submitted affidavits in support of their motions. Mr. Adams represents in his affidavit that he

> ". . . has never at any time been involved in any dealings or negotiations of any kind or description within the State of Wisconsin with any of the parties named in the caption of this action, except that affiant occasionally visited the office of U-Profit, Inc., in Waukesha to collect commissions due him for sales of car wash equipment."

The affidavit also states, however, that Mr. Adams made two sales calls in Madison, Wisconsin, at the direction of Truck-O-Matic, but that such calls were "completely unproductive."

The affidavits prepared by Mr. Skillern state that the affiant has been a lifelong citizen of Texas, that his last visit to Wisconsin occurred several years ago and was unrelated to the truck wash business, and that he has

> ". . . not conspired with or negotiated with or otherwise dealt with, either individually or through any agent, with any of the parties to this cause or any parties mentioned in this cause, within the State of Wisconsin, and has had no other contacts within such State, at any of the times alleged by Plaintiff, even remotely related to Plaintiff's Complaint herein."

Rule 4(f), Federal Rules of Civil Procedure, provides in part:

> "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state.

In addition, Rule 4(d) (7) states that service upon an individual defendant may be made "in the manner prescribed by the law of the state in which the district court is held." See also Rule 4(e).

Section 262.05, Wis.Stats. (1969), sets forth generally the means for obtaining personal jurisdiction. While the plaintiff does not specify the portions of § 262.05 which it claims give this court jurisdiction over Mr. Adams and Mr. Skillern, it appears that it relies upon § 262.05(1) (d) or (4) (a) which state, in part:

> "A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an

action pursuant to s. 262.06 under any of the following circumstances:

"(1) Local presence or status. In any action whether arising within or without this state, against a defendant *who when the action is commenced*:

.  .  .  .  .  .

"(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

.  .  .  .  .  .

"(4) Local injury; foreign act. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, *provided in addition that at the time of the injury* .  .  . :

"(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant. .  .  . " (Emphasis added.)

The general manager of U-Profit has submitted an affidavit in which it is stated that, while employed by U-Profit, Mr. Adams received commissions on sales for U-Profit, attended periodic sales meetings in Waukesha, was covered by U-Profit's group insurance plan, and used a U-Profit telephone credit card. No affidavit has been filed in opposition to Mr. Skillern's motions, and the plaintiff's brief argues only that Mr. Skillern is amenable to suit in this court because this is "the jurisdiction where the illicit acts complained of had their dramatic and ultimate effects."

■ Nonresident defendants who are individuals may be subjected to in personam jurisdiction under § 262.05(1)(d) and (4). Dillon v. Dillon, 46 Wis.2d 659, 669, 176 N.W.2d 362 (1970); see also Revision Notes, Wis.Stats.Ann. § 262.05 at 36 (Supp. 1971). However, such jurisdiction presupposes "some meaningful contact between the defendant and the .  .  . [forum] .  .  .

state." Uni-Pak, Inc. v. Formex Corp., 300 F.Supp. 527, 528 (E.D.Wis.1969). Once the presence of a meaningful contact is established, " 'the assumption of jurisdiction based upon such contact must be consonant with the due process tenets of "fair play" and "substantial justice." ' " Zerbel v. H. L. Federman & Co., 48 Wis.2d 54, 63, 179 N.W.2d 872, 877 (1970), quoting from L. D. Reeder Contractors of Arizona v. Higgins Industries, 265 F.2d 768, 773 (9th Cir. 1959).

■ It is not necessary to inquire into the quantity or quality of Mr. Adams' Wisconsin contacts, however, for present in § 262.05(1) and (4) is the additional requirement that any Wisconsin-related activity be carried on at either the time of the commencement of the suit or at the time of the alleged injury. Even if the affidavit of U-Profit's general manager may be taken as uncontroverted, nothing is contained therein which leads this court to believe that Mr. Adams was engaged in "substantial" or "solicitation or service" activities at the time case 71–C–190 was filed or at the time of the occurrence of the injuries described in the amended complaint. The period of Mr. Adams' employment by U-Profit is not set forth and there is no showing that Mr. Adams was in any way associated with Wisconsin at the critical times specified in § 262.05(1) and (4). There does not appear to be any other statutory authority which would warrant the assumption of personal jurisdiction over Mr. Adams, and, accordingly, the service of the summons and complaint upon him must be quashed. Cf. McPhee v. Simonds Saw & Steel Co., 294 F.Supp. 779, 783 (W.D. Wis.1969).

■ As for Mr. Skillern, nothing has been presented which contradicts his statement that his Wisconsin contacts have been, at the most, so minimal as to preclude an assumption of jurisdiction that would be consistent with the "traditional notions of fair play and substan-

tial justice" referred to above. International Shoe Co. v. Washington, Office of Unemploy. Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The record in case 71–C–190 is devoid of any evidence that Mr. Skillern has engaged in any activity within this state which would permit the assumption of this court's jurisdiction over him and, as with the service upon Mr. Adams, the service of the summons and complaint upon Mr. Skillern must be quashed. See Balistrieri v. O'Farrell, 324 F.Supp. 151, 152 (E.D.Wis.1971).

The determination that the service upon Mr. Adams and Mr. Skillern must be quashed disposes of the need to consider the other motions brought by these defendants in case 71–C–190.

### III. MOTIONS TO DISMISS IN CASE 71–C–190

■ Bromley Ltd., Inc. and Monty Freedman have moved to dismiss case 71–C–190 as to them on the basis that "the complaint fails to allege the requisite elements of either conspiracy or fraud." In the alternative, they seek a more definite statement of the plaintiff's claim.

Many of the facts alleged in the complaint are summarized in connection with the motions discussed in section II, above. In general, the plaintiff U-Profit maintains that Bromley and Mr. Freedman violated their contract with U-Profit by separately agreeing with certain of the other defendants to the establishment of another corporation to sell and service the same machines for which U-Profit allegedly has an exclusive distributorship. The defendants' actions, the plaintiff contends, constituted a "conspiracy to defraud" the plaintiff.

The defendants correctly point out that the complaint in the instant action contains elements of breach of contract and tortious interference with a contract as well as the more specific allegations of conspiracy and fraud noted above.

However, it is my opinion that the defendants' motion to dismiss for failure to state a claim may not be granted. The broad thrust of the defendants' motion is that the complaint is vague; however, the better means of attacking vagueness (assuming it exists here) would be the submission of a motion for a more definite statement. United Ins. Co. v. B. W. Rudy, Inc., 42 F.R.D. 398, 402 (E.D.Pa.1967). The defendants have brought such a motion, pursuant to Rule 12(e), Federal Rules of Civil Procedure.

Rule 12(e) provides, in part:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading."

The purpose of a Rule 12(e) motion is "to strike at unintelligibility rather than want of detail." 2A Moore's Federal Practice ¶ 12.18, at 2389 (1968). It is true that Rule 9(b) requires that "the circumstances constituting fraud * * * shall be stated with particularity"; however, Rule 9(b) "does not require the pleading of detailed evidentiary matter." Textile Banking Co. v. S. Starensier, Inc., 38 F.R.D. 492, 493 (D.C.Mass.1965). In my opinion, the amended complaint in case 71–C–190 is not so "vague or ambiguous" that the defendants cannot frame a responsive pleading. Rules 26–37, Federal Rules of Civil Procedure, providing for discovery, give the defendants an opportunity to get the specific information they desire. Shultz v. Manor House of Madison, Inc., 51 F.R.D. 16, 18 (W.D.Wis.1970); see also Gottlieb v. Sandia America Corp., 35 F.R.D. 223, 224 (E.D.Pa.1964). The motions of the defendants Bromley and Monty Freedman to dismiss and for a more definite statement will be denied.

### IV. CONCLUSION

In addition to the defendants' motions discussed in the preceding sections, the

court has before it motions of the plaintiffs in cases 71–C–190 and 71–C–191 to consolidate the two actions. However, the dismissal of case 71–C–191 obviates the need to consider the plaintiffs' motions to consolidate.

Therefore, it is ordered that the motions of Terry Adams and Bud Skillern in case 71–C–190 to quash the service of the summonses and complaints upon them and to dismiss the action as to them be and hereby are granted; in addition, it is ordered that all of the motions of Bromley Ltd., Inc. and Monty Freedman in case 71–C–190 be and hereby are denied.

It is also ordered that the amended complaint, and the action, in case 71–C–191 be and hereby are dismissed, without prejudice.

It is further ordered that the plaintiffs' motions to consolidate be and hereby are denied.