SPAN, Appellant, v. SPAN, Respondent.

*No. 140. Argued October 6, 1971.—Decided November 5, 1971.*
(Also reported in 191 N. W. 2d 209.)

The cause was submitted for the appellant on the brief of *Seymour Pikofsky* of Milwaukee; a brief amicus curiae in opposition was filed by *Joseph M. Syman,* family court commissioner of Milwaukee county, and *John J. Durkin,* assistant family court commissioner.

CONNOR T. HANSEN, J. Plaintiff is a resident of Wisconsin, and defendant is alleged to be a resident of Illinois. In October of 1969, the plaintiff attempted personal service of process on defendant, pursuant to sec. 247.062 (1), Stats., by mailing a copy of the sum-

mons and complaint to the sheriff of Kane county, Illinois, upon information that the defendant resided therein at 71 Summit Street, Elgin, Illinois. The pleadings were returned by the sheriff with the statement, "Unable to locate. Out dated," along with a worksheet noting various attempts at personal service.

Thereafter service was made by publication, pursuant to sec. 247.062 (2), Stats. A copy of the summons and complaint was mailed to the defendant's last known address, the same address at which personal service had previously been attempted. After the required number of publications had been made, trial was scheduled for April 27, 1970. Plaintiff mailed a copy of the order to appear at trial to the sheriff of Kane county, Illinois, and the defendant was personally served with the order on February 16, 1970, at the same address where personal service of the summons had been attempted. April 10, 1970, a guardian *ad litem* was appointed for two of plaintiff's five minor children.

Defendant failed to appear for trial on April 27, 1970. The assistant family court commissioner appeared pursuant to sec. 247.15, Stats., and objected to the jurisdiction of the court. The assistant family court commissioner argued that service of process by mailing and publication, pursuant to sec. 247.062 (2), was defective in that the affidavit of the plaintiff describing efforts to make personal service did not relate to attempts made outside the state. Plaintiff introduced evidence of attempts made at personal service by the sheriff of Kane county, Illinois. This evidence consisted of initialed unsworn notations on the sheriff's worksheet previously referred to.

The defendant failed to file a brief on appeal. Therefore, this court ordered the family court commissioner to file a brief amicus curiae in the interest of the public, rather than reverse pursuant to sec. (Rule) 251.57, Stats.

The only question presented on this appeal is whether service of process by mail and publication was valid, under the facts of this case, to obtain personal jurisdiction over the defendant.[1]

The service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, notwithstanding actual knowledge by the defendant. *Heaston v. Austin* (1970), 47 Wis. 2d 67, 176 N. W. 2d 309; *Howard v. Preston* (1966), 30 Wis. 2d 663, 142 N. W. 2d 178. In the instant case, service was made under sec. 247.062 (2), Stats.:

". . . When the defendant cannot with reasonable diligence be served personally within the state under s. 247.061, service may be made as follows:

"(1) PERSONAL SERVICE WITHOUT THE STATE. By personally serving the summons and a copy of the verified complaint upon the defendant without the state and within 20 days thereafter filing the summons and verified complaint in court and serving copies of the summons and verified complaint on the family court commissioner; or

"(2) MAILING AND PUBLICATION. If with reasonable diligence the defendant cannot be served under sub. (1), service may be made by mailing a copy of the summons and verified complaint and publication of the summons. Prior to mailing and publication the summons and verified complaint shall be filed in court. Prior to trial the plaintiff or plaintiff's counsel shall file an affidavit in court describing efforts to make personal service upon the defendant within or without the state. . . ."

The statute requires reasonable diligence in attempting to personally serve the defendant without the state as a *sine qua non* of service by mailing and publication. *Beneficial Finance Co. v. Lee* (1967), 37 Wis. 2d 263,

---

[1] Plaintiff-appellant discusses the question of whether the circuit court has subject matter jurisdiction. That question is not in issue since the service of a summons only goes to the question of personal jurisdiction, not subject matter jurisdiction. *Lees v. ILHR Department* (1971), 49 Wis. 2d 491, 182 N. W. 2d 245.

155 N. W. 2d 153 (construing the same language under sec. 262.06). The statute also requires the filing of an affidavit showing efforts to make personal service within or without the state. Clearly, the purpose of this latter requirement is only to insure that reasonable diligence is exercised.

The evidence offered by the plaintiff, consisting of the sheriff's worksheet noting several attempts at personal service, is entitled to very little weight on this issue. It is not a statement made under oath, as required by the statute, and the fact that personal service of the order to appear at trial was subsequently made on the defendant at the same address tends to discredit the worksheet as evidence of reasonable diligence. The affidavit of the plaintiff stating that due diligence was exercised in attempting to serve the defendant within the state has no probative value on the question of reasonable diligence in attempting personal service without the state.

Upon the facts presented in the instant case, the finding of the trial court that the plaintiff did not exercise reasonable diligence as required by sec. 247.062, Stats., as a condition precedent to service by mailing and publication, is not against the great weight and clear preponderance of the evidence. *Heaston v. Austin, supra.*

We also observe that the complaint in this case, besides a decree of divorce under sec. 247.05 (3), Stats., seeks alimony, support, and property divison. Service of process to determine issues of alimony, support and property division is governed by sec. 247.055. Valid service to determine these issues cannot be secured under sec. 247.062 (2). The service of process provisions of sec. 247.062(2) are only applicable to actions to determine questions of status as described in sec. 247.05. The plaintiff, in her complaint, also seeks custody of the minor children. Sec. 247.05 (4) provides that this issue

may be determined as an incident to an action for divorce under sec. 247.05 (3) ; however, such a determination thereof will not be binding on a defendant who has been served under sec. 247.062 (2).

*By the Court.*—Judgment affirmed.