**Lester HANSHER et al., Plaintiffs,**

v.

**Joseph ROBARE, Jr., and Allstate Insurance Company, a corporation, Defendants.**

**No. 72-C-163.**

United States District Court,
E. D. Wisconsin.

Oct. 26, 1972.

Alvin H. Eisenberg, Milwaukee, Wis., for plaintiffs.

Allan L. Mueller, Milwaukee, Wis., for defendants.

## DECISION

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint. This motion is based on their contention that service was accomplished as to each of the defendants at a location outside the territorial limits of Wisconsin.

Under Rule 4(f), Federal Rules of Civil Procedure, all process other than a subpoena may be served within the territorial limits of the state in which the district court is held, unless a federal statute permits service beyond such limits. Randall v. Randall, 109 U.S.App. D.C. 95, 284 F.2d 229, 231 (1960); Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc., 240 F.2d 814, 816 (5th Cir. 1957).

The record establishes that one of the defendants was served in Florida and the other in Illinois. When service outside of the state is made in a manner prescribed by state statutes, such service is valid under Rule 4(f). 2 Moore's Federal Practice, ¶ 442 [1] (1967 Ed.). There is no indication in the complaint of any special statutory authority, either state or federal, enabling the plaintiffs to serve their process beyond the territorial limits of Wisconsin.

Although a briefing schedule was set by the court, no responsive brief was submitted on behalf of the plaintiffs. I am unable to find any independent basis for jurisdiction in this court. Accordingly, the motion to dismiss will be granted.