Clyde CHILCOTE et al., Plaintiffs,

v.

Holly A. SHERTZER and Rodney Aldrich et al., Defendants.

Civ. A. No. 73-C-318.

United States District Court,
E. D. Wisconsin.

March 18, 1974.

Thomas L. Smallwood, Milwaukee, Wis., for plaintiffs.

Werner E. Scherr, Milwaukee, Wis., for defendants.

OPINION AND ORDER

REYNOLDS, Chief Judge.

This is an action to recover damages for personal injuries sustained by plain-

tiffs in an automobile collision occurring on November 28, 1971, in Oconto County, Wisconsin. Plaintiffs allege the collision was caused by defendant Shertzer's negligent operation of a motor vehicle owned by her husband, defendant Rodney Aldrich, and insured by defendant Government Employees Insurance Company. Plaintiffs are citizens of Wisconsin. Defendant Holly A. Shertzer is alleged to be a citizen of Pennsylvania, claiming, however, to be a citizen of Michigan; the defendant Rodney Aldrich is a citizen of Michigan; and the defendant insurance company was organized in and has its principal place of business in the District of Columbia. Plaintiffs invoke the court's jurisdiction under 28 U.S.C. § 1332.

Defendant Shertzer has moved to dismiss this action under Rule 12(b)(2) of the Federal Rules of Civil Procedure, claiming that she was never properly served. A. U.S. Marshal served a copy of the summons and complaint upon Shertzer's father who accepted service at his residence. Shertzer, by motion affidavit and brief, states that she has not lived at her father's home since 1967, that she has lived and worked in Michigan since 1967, and that since her marriage to Rodney Aldrich on July 10, 1971, she has been domiciled at Marquette, Michigan, with him. She claims, therefore, that her father's house is not her "dwelling house or usual place of abode" within the meaning of Rule 4(d)(1) of the Federal Rules of Civil Procedure.

Plaintiffs assert that where actual notice is present, the provisions of Rule 4(d)(1) should be liberally construed in favor of personal jurisdiction. Nowell v. Nowell, 384 F.2d 951 (5th Cir. 1967), cert. denied, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968). They infer the presence of actual knowledge from the fact that Rodney Aldrich, defendant Shertzer's husband, was personally served at their home in Marquette.

They also stress that the attempted service was made at the address provided by defendant Shertzer to police officers at the time of the accident. Said defendant notes, however, that the U.S. Marshal's record of process lists her actual address in Marquette.

■ Rule 4(d)(1) allows for service within Wisconsin.* Rule 4(e) provides for situations such as this when the person to be served is not an inhabitant or is not to be found within the state in which the district court is held. 2 Moore's Federal Practice ¶ 4.32 [2], at 1239 (2d ed. 1970). In such cases when service beyond the territorial limits of the state in which the district court is held is attempted, state, not federal, law determines the adequacy of service of process under the state's procedures for extraterritorial service of process. O'Hare International Bank v. Hampton, 437 F.2d 1173, 1175 (7th Cir. 1971); Carter v. Williams, 361 F.2d 189, 196 (7th Cir. 1966); Arrowsmith v. United Press International, 320 F.2d 219 (2d Cir. 1963); see 2 Moore's Federal Practice ¶ 4.41–1 [2], at 1291.24–1291.25 (2d ed. 1970). Such service as in this diversity case is authorized by the relevant Wisconsin Statutes governing service of process. See Advisory Committee's Notes, 31 F.R.D. 627–629 (1963). Rules 4(d)(7) and 4(f) permit service upon individuals if served in the manner prescribed by the law of the state in which the district court is held. Hansher v. Robare, 56 F.R.D. 505 (E.D.Wis.1972).

■ Wisconsin law provides means whereby defendant Shertzer may be brought before this court. §§ 262.05(3); 262.06(1)(a), (1)(c), (1)(d); and 345.-09, Wis.Stats. (1971). Those statutes have not thus far been complied with. Substituted service is authorized only within the state. § 262.06(1)(b); see Revision Notes to § 262.06, 1973 Cumulative Annual Pocket Part of 30 W.S.A. at 57. No attempt to comply with the pro-

---

* Service can be had within one hundred miles of the place in which the action is commenced in certain circumstances. Rule 4(f), F.R.Civ.P. That provision is not applicable in this case.

**88**

visions of Wisconsin's nonresident motorist statute, § 345.09, Wis.Stats. (1971), or any other applicable statute, has been shown. The burden is on the plaintiff to show satisfaction of the requirements for obtaining personal jurisdiction over defendant. U-Profit, Inc. v. Bromley Limited, Incorporated, 54 F.R.D. 60 (E.D.Wis.1971); State ex rel. Stevens v. Grimm, 192 Wis. 601, 604, 213 N.W. 475 (1927). "The service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, notwithstanding actual knowledge by the defendant." Span v. Span, 52 Wis.2d 786, 789, 191 N.W.2d 209, 211 (1971); Heaston v. Austin, 47 Wis.2d 67, 70–71, 176 N.W.2d 309 (1970); Holley v. ILHR Department, 39 Wis.2d 260, 268, 158 N.W.2d 910 (1968). "slipshod and haphazard attempts to serve are not sufficient." Howard v. Preston, 30 Wis.2d 663, 669, 142 N.W.2d 178, 182 (1966).

I note that the statute of limitations has yet to run on plaintiffs' cause of action, § 893.205(1), Wis.Stats. (1971), and it would not be in the interest of justice to dismiss an action in a situation where one attempt at service having failed, valid service is yet obtainable. Grammenos v. Lemos, 457 F.2d 1067, 1070–1071 (2d Cir. 1972). I will, therefore, allow thirty days for the plaintiffs to properly serve defendant Shertzer.

Defendant Aldrich has also moved to dismiss the action alleging that the complaint fails to state a cause of action against him. That motion has been briefed by said defendant, but the plaintiffs have not filed a responsive brief. Unless the plaintiffs cite some authority within thirty days for suing Aldrich under the circumstances of this case, I will grant the motion of defendant Aldrich to dismiss the action as to him.

It is therefore ordered that the plaintiffs be given the opportunity to properly serve the defendant Holly A. Shertzer within thirty days of the filing date of this order; and if service is not completed within the specified time, then the motion of defendant Holly A. Shertzer to dismiss this action as to her will be granted.

It is further ordered that the plaintiffs show cause, if any, in writing within thirty days of the filing date of this order why the motion of the defendant Rodney Aldrich to dismiss this action as to him should not be granted.