Roman J. LISOWSKI, Jr., Plaintiff,

v.

David C. SCHAACK, Defendant.

Civ. A. No. 76–C–52.

United States District Court,
E. D. Wisconsin.

June 30, 1976.

Herbert L. Usow, Milwaukee, Wis., for plaintiff.

Stephen Teret, Westfield, N. Y., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action to enforce the personal guarantee of the defendant David C.

Schaack for the payment of a certain corporate obligation more fully described below. This court's jurisdiction is invoked upon the diverse citizenship of the parties pursuant to 28 U.S.C. § 1332, the amount in controversy being in excess of $10,000.00. The case is presently before the court on defendant's motion, brought pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the complaint for lack of personal jurisdiction.[1] For reasons other than those suggested by the defendant, I find that the plaintiff has failed to properly obtain personal jurisdiction over the defendant.

### I.

From the original complaint[2] and the motion documents which are part of the record in this action, the following facts appear. In February of 1974, Shadco, Inc. ("Shadco"), a Colorado corporation with its principal place of business in Steamboat Springs, Colorado, entered into a loan agreement with the Northridge Bank (the "Bank"), a federally chartered banking institution with its offices in Milwaukee, Wisconsin. The loan agreement provided that the Bank would loan Shadco up to $410,000, to be evidenced by a promissory note secured by a deed of trust on certain real estate and other collateral. Pursuant to the loan agreement the Bank advanced the money in full, and a master note in the amount of $410,000 was executed by Shadco's president, Edward Vanderwall, on February 26, 1974. Under the note's terms, Shadco promised to repay the principal amount of the loan in increments of $50,000 per year until the note matured in 1979, plus interest of 11½% per annum prior to any default and 12% thereafter. At the time the master note was executed, the defendant signed a personal guarantee for payment of the note in the event of Shadco's default. Defendant signed the personal guarantee in New York; the master note was executed by Mr. Vanderwall in Colorado. It does not appear from the record where the underlying loan agreement was entered into.

It is alleged in the complaint that since the time Shadco signed the loan agreement and note, it has made one yearly interest payment and no repayment of principal. On March 5, 1975, approximately one year after the note and personal guarantee were executed and after Shadco's first $50,000 payment became past due, the Bank assigned the loan agreement to Roman J. Lisowski, Jr., a Wisconsin resident and the plaintiff in this action. The plaintiff allegedly made unsuccessful demand upon the defendant for payment. The summons and complaint and the motion to dismiss, presently before the court, followed.

### II.

It is the position of the plaintiff that under § 801.05(5)(c), Wis.Stats., this court has jurisdiction over the person of the defendant under the facts of this case. The defendant disputes this, and the briefs of both parties are directed solely to the issue thus apparently joined. In view of the discussion that follows, I do not reach the merits of these contentions.

It appears from the United States Marshal's return of service that a copy of the summons and complaint in this case was personally served on Mary Schaack, the defendant's mother and a person of suitable age and discretion, then residing at the defendant's dwelling in Gowanda, New

---

1. Originally the defendant had also moved, pursuant to Rule 26(c), Federal Rules of Civil Procedure, to stay the taking of a certain deposition pending the determination of the motion to dismiss. From the notice of deposition which is part of the record in this case, it appears that the motion to stay is moot as of the time of this decision and order (the deposition already being had) and will not be further considered by the Court.

2. An amended complaint has also been filed in this action. The defendant, by means of the affidavit of his attorney, has objected to the method of service of the amended complaint. This Court, however, need not address the question of adequacy of service of the amended complaint in order to resolve the issue presently before it and, therefore, expresses no opinion on it.

York. Rule 4(d)(1), Federal Rules of Civil Procedure, describes the mode of service to be employed within Wisconsin.[3] Rule 4(e) provides for situations such as this when the person to be served is neither an inhabitant of nor is to be found within the state in which the district court sits. 2 Moore's Federal Practice ¶ 4.32[2], at 1239 (2d ed. 1975). State law, not federal, governs determination of the adequacy of service of process where, as here, service has been attempted beyond the territorial limits of the state in which the district court is held. *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1175 (7th Cir. 1971); *Carter v. Williams*, 361 F.2d 189, 196 (7th Cir. 1966); *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir. 1963) (en banc); *Chilcote v. Shertzer*, 372 F.Supp. 86 (E.D.Wis. 1974). See 2 Moore's Federal Practice ¶ 4.41–1[2], at 1291.24–1291.25 (2d ed. 1975).

 The means which Wisconsin law provides for bringing the defendant Schaack before this court are set forth in § 801.11(1), Wis.Stats. These provisions have thus far not been complied with. Section 801.11(1)(b)[4] makes clear that substituted service of the kind had in this case is only authorized within the state. That section provides that "[i]f with reasonable diligence the defendant cannot be served [personally], then [personal jurisdiction may be obtained] by leaving a copy of the summons at the defendant's usual place of abode *within this state* in the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof." (Emphasis added.) See also Revision Notes to § 262.06[5], 1975 Cumulative Annual Pocket Part of 30 W.S.A., at 63–64. Wisconsin law also makes clear that the summons must be served in the *manner* prescribed by statute in order for the trial court to obtain personal jurisdiction, and that a defendant's actual knowledge of the pendency of the action is not equivalent thereto. *Span v. Span*, 52 Wis.2d 786, 789, 191 N.W.2d 209 (1971); *Heaston v. Austin*, 47 Wis.2d 67, 70–71, 176 N.W.2d 309 (1970); *Holley v. Department of Industry, Labor & Human Relations*, 39 Wis.2d 260, 268, 158 N.W.2d 910 (1968). The burden is on the plaintiff to demonstrate that service of process on the defendant has been had in accordance with applicable law so that the court may exercise valid personal jurisdiction over the parties. *U-Profit, Inc. v. Bromley Limited, Inc.*, 54 F.R.D. 60 (E.D.Wis.1971); *State ex rel. Stevens v. Grimm*, 192 Wis. 601, 604, 213 N.W. 475 (1927). That burden has not been sustained here.

 It is to be noted, however, that the applicable statute of limitations, § 893.19 Wis.Stats., has not yet run on plaintiff's cause of action. It has been held that in such circumstances, where proper service of process has not been had yet valid service is still obtainable, that it is not in the interests of justice to dismiss the action. *Grammenos v. Lemos*, 457 F.2d 1067, 1070–71 (2d Cir. 1972); *Chilcote v. Shertzer*, supra. Therefore, I will order that the case be dismissed for lack of personal jurisdiction over the defendant but stay the effect of such order for thirty days, within which time the plaintiff may properly serve the defendant and revive the action.

IT IS THEREFORE ORDERED that this case be and hereby is dismissed for lack of personal jurisdiction over the defendant.

IT IS FURTHER ORDERED that the effect of this order shall be stayed for thirty (30) days from the date of its filing, which time the plaintiff may properly serve the defendant David C. Schaack and file proof of such service with the court.

IT IS FURTHER ORDERED that should proper service be achieved by the plaintiff within the time set forth above, then the parties may summarily renew the motions and briefs previously filed in this court,

---

3. Service can be had within one hundred miles of the place in which the action is commenced in certain circumstances. Rule 4(f), Federal Rules of Civil Procedure. That provision is not applicable in this case.

4. This section was renumbered as of January 1, 1976. Formerly it was § 262.06(1)(b).

5. See note 4, supra.

addressed to the question of personal jurisdiction under Wisconsin's long arm statute, § 801.05, Wis.Stats.