**BETHMAR INDUSTRIAL CORPORA-TION, an Illinois corporation,
Plaintiff,**

v.

**CENTURY HARDWARE CORPORA-TION, a Wisconsin corporation, Defendant.**

**No. 71–C–610.**

United States District Court,
E. D. Wisconsin.

Feb. 4, 1972.

Reinhart, Boerner, Van Deuren & Norris by Paul V. Lucke, and William R. Steinmetz, Milwaukee, Wis., for plaintiff.

Burton A. Strnad, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge

The defendant has moved to dism⸍ the third and fourth claims of the plaint and also to have certain ⸀

of the first claim made more definite and certain. I have concluded that the latter motion should be granted and that the motion to dismiss should be denied.

 The third cause of action seeks damages for the defendant's alleged failure to purchase from the plaintiff the fasteners which the defendant required for its own use in the ordinary course of its business. The defendant urges that this claim for relief must fail because of an absence of mutuality of obligation and also because this portion of the agreement does not contain "sufficient specificity." I find no merit in these arguments. The entire agreement is an elaborately drawn document. In my opinion, there is ample consideration in the document, viewed as a whole, to support a claim that the defendant was required to purchase from the plaintiff those fasteners which it, as a going concern, would normally use in the ordinary course of its business. Levin v. Perkins, 12 Wis.2d 398, 107 N.W.2d 492 (1961).

I reject, however, the plaintiff's contention that the agreement can be construed as *obligating* the plaintiff to sell except when the pricing formula produces a sales price less than the plaintiff's costs. The latter interpretation is contradicted by the express language of the agreement which asserts that Bethmar "shall not be obliged to sell fasteners" to Century.

There are portions of the fourth claim which clearly qualify as sufficient to withstand the defendant's motion to dismiss. I have, however, doubts about the adequacy of paragraphs 25(e) and (f); paragraph 25(g) seems to be redundant because of the existence of the third claim for relief. However, the other portions of paragraph 25 assert cognizable claims of contract violation, and, thus, the fourth claim may not be dismissed.

The defendant is entitled to a more definite statement regarding those portions of paragraph ten of the first claim for relief, to which the defendant's motion is directed. The defendant is en-

titled to know in what respects it allegedly "otherwise repudiated the contract" and also to know what conditions the plaintiff refers to when it avers that the "defendant refused to perform other conditions."

Therefore, it is ordered that the defendant's motion to dismiss the plaintiff's third and fourth claims for relief be and hereby is denied.

It is also ordered that the defendant's motion for a more definite statement as to the plaintiff's first claim for relief be and hereby is granted.