**BETHMAR INDUSTRIAL CORPORA-TION, an Illinois corporation, Plaintiff,**

v.

**CENTURY HARDWARE CORPORA-TION, a Wisconsin corporation, Defendant.**

**No. 71–C–610.**

United States District Court, E. D. Wisconsin.

April 19, 1972.

Reinhart, Boerner, Van Deuren & Norris by Paul V. Lucke and Wm. R. Steinmetz, Milwaukee, Wis., for plaintiff.

Grodin & Strnad by Burton A. Strnad, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has filed a motion which seeks a more definite statement with regard to paragraph 10 of the plaintiff's amended complaint. Paragraph 10 of the *original* complaint alleged:

"Defendant failed and neglected to perform aforesaid conditions of the contract on its part to be performed in that it refused to accept delivery of aforesaid fasteners and otherwise repudiated aforesaid contract and refused to perform certain other conditions thereof on its part to be performed."

Shortly after the original complaint was filed, the defendant moved to have paragraph 10 made more definite and certain. This court granted the defendant's motion in a decision and order filed on February 4, 1972, 338 F.Supp. 733, in which it was stated in part:

"The defendant is entitled to know in what respects it allegedly 'otherwise repudiated the contract' and also to know what conditions the plaintiff refers to when it avers that the 'defendant refused to perform other conditions.'"

The plaintiff subsequently filed an amended complaint in which paragraph 10 was changed to read as follows:

"Defendant failed and neglected to perform aforesaid conditions of the contract on its part to be performed and otherwise repudiated said contract by refusing to accept delivery of or to repurchase aforesaid fasteners and by failing to pay for said fasteners."

The defendant now argues that the plaintiff has not complied with this court's order of February 4th "in respect to specifying the conditions which it alleges the defendant violated." The plaintiff, on the other hand, asserts that the amended paragraph 10 "clearly specifies the conditions which defendant refused to perform" and that no more definite statement is necessary to enable the defendant to respond.

In my opinion, the amended paragraph 10 is sufficient to withstand the defendant's motion for a more definite statement. The paragraph was amended to aver that the defendant failed to pay for the fasteners and such allegation is not "so vague or ambiguous that [the defendant] cannot reasonably be required to frame a responsive pleading." Rule 12(e), Federal Rules of Civil Procedure. A Rule 12(e) motion is designed "to strike at unintelligibility

rather than want of detail." 2A Moore's Federal Practice ¶ 12.18, at 2389 (1968). Rules 26–37, providing for discovery, give the defendant an opportunity to obtain the specific information it desires. U-Profit, Inc. v. Bromley Ltd., Inc., 54 F.R.D. 60, 66 (E.D.Wis. 1971).

The defendant shall have until May 8, 1972 to serve and file a responsive pleading to the amended complaint.

Therefore, it is ordered that the defendant's motion for a more definite statement be and hereby is denied.