## LEWIS VS. HARTEL.

*Affidavit of service of summons.*

1. Rule 41 of the C. C. Rules, which requires that where the summons is served by any other person than the sheriff, his affidavit shall state "at what particular place he served the same," is satisfied by a statement that service was made in a specified *county* of this state.
2. That part of the rule which requires that if defendant is not personally served, the affidavit shall state *with whom* the copy of summons was left, is satisfied by stating, in the language of the statute (R. S., ch. 124, sec. 9, subd. 3), that it was left "in presence of" a proper specified person.
3. Where the affidavit shows that the person making the service went to defendant's usual place of abode, and that defendant was "not found" there, it need not show that he could not be found elsewhere.

APPEAL from the Circuit Court for *Dodge* County.

Trespass *quare clausum*. The plaintiff offered in evidence the judgment roll in a previous action, wherein he had recovered judgment for the possession of the premises, and under which the sheriff had put him in possession. The court excluded this evidence, holding the judgment void, for want of sufficient proof that the summons in the action had been properly served. The grounds of this decision will appear from the opinion. Judgment for defendant; and plaintiff appealed.

*L. T. Fribert*, for appellant, as to the sufficiency of the affidavit of service which constituted a part of the judgment roll offered in evidence, cited and commented on Rule 41, C. C. Rules; R. S., ch. 124, sec. 9; *Frederick v. Clark*, 5 Wis. 191; *Moyer v. Cook*, 12 id. 335; *Morrison v. Austin*, 14 id. 601. As to the power of the court to allow an amended affidavit of service, they cited *Moyer v. Cook*, 12 Wis. 335; *Bacon v. Bassett*, 19 id. 45; *Farmers' Loan and Trust Co. v. Dickson*, 17 How. Pr. 478; *Jones v. Slate Co.*, 16 id. 133; *Myers v. Overton*, 2 Abb. 344; *Hilton v. Thurston*, 1 id. 318;

*Southwell v. Marryatt,* id. 218 ; *Wallis v. Lott,* 15 How. Pr. 567 ; *Ramstock v. Roth,* 18 Wis. 522.

*E. P. Smith,* for respondent, cited *Barnes v. Harris,* 4 Comst. 383 ; *Pollard v. Wegener,* 13 Wis. 569 ; *Sayles v. Davis,* 20 id. 302 ; *Penobscot R. R. Co. v. Weeks,* 52 Me. 456 ; *Knox v. Miller,* 18 Wis. 397 ; Rule 41, C. C. Rules ; R. S., ch. 124, sec. 9 ; Bacon's Abridgement, title "*Sheriff.*"

DIXON, C. J.   This case turned, in the court below, upon the sufficiency of the affidavit of service of the summons upon the defendant Bowers, in the action of *Lewis* against Bowers and Meir, the judgment in which was relied upon by the plaintiff in this action, and given in evidence upon the trial.   The judge held the affidavit insufficient, and the judgment void for want of jurisdiction, and charged the jury to find a verdict for the defendant.   The sufficiency of the affidavit is, therefore, the only question here.   There were two affidavits of service connected with the judgment roll—the original affidavit indorsed upon the summons, and a further or amended one attached after judgment in the action by leave of the court.   As we are of opinion that the service shown by the original affidavit was sufficient, it becomes unnecessary to notice the facts stated in the amended one.

The original affidavit, aside from signature and jurat, is in these words : "State of Wisconsin, Dodge county, ss. : William Giles, being duly sworn, says : That, on the 28th day of April, A. D. 1860, in the county of Dodge and state of Wisconsin, he served the within summons upon the within named Matthias Bowers, one of the defendants in the within entitled action, by leaving a copy thereof at his usual place of abode in the presence of his wife, a member of his family of suitable age and discretion, whom I informed of the contents thereof ; said defendant not found."   The amended affidavit is far more full and particular in its statement

of facts. The objections taken to both affidavits, but which we apply only to the first, are, that it does not state at what particular place the service was made, nor with whom the copy of the summons was left, or show that the defendant could not be found so that personal service could not have been made upon him. These objections are founded, the two first upon what are supposed to be the requirements of the 41st rule for the circuit courts, and the last upon a construction which it is claimed should be given to the statute authorizing service by copy left at the usual place of abode of the defendant. R. S., ch. 124, § 9, subd. 3.

The 41st rule requires that, where the service of the summons shall be made by any other person than the sheriff, it shall be necessary for such person to state in his affidavit of service, "at what particular place he served the same." It is contended that these words require the utmost degree of particularity in designating the place of service — that it is not enough to state the county in this state in which the service was made, but that the name of the town or village, together with a specific description of the place of abode, must be given. It is objected to the affidavit, in the brief of counsel, that "nowhere does it define or specify where that place of abode was, whether hut or house, or traveling car, nor if in any town or village in the state." This seems to us a most unwarrantable stretch of refinement upon the language of the rule, and almost to trifle with the plain meaning of the words. The object of the requirement, as held by this court in *Sayles v. Davis*, 20 Wis. 302, was, that it should appear from the affidavit that the service was made at some place within this state, and within the jurisdiction of the court in which the action was commenced. A county of this state is, therefore, a particular place within it, according to the intention of the rule, for the affidavit then shows a service in the state, and that the court acquired jurisdic-

tion of the person of the defendant. The naming of the county accomplishes the object intended, and fully satisfies the requirement. It is just such a designation of the place of service as was always customary and deemed sufficient in the returns of sheriffs and other officers; and it cannot be supposed any other was intended by the rule.

The rule also requires, in case the defendant is not personally served, that it be stated in the affidavit "when, where, and with whom, such copy was left." The requirement of the statute is, that the copy shall be left "in the presence of some one of the family, of suitable age and discretion," etc. The affidavit in question pursues the language of the statute, and states that the copy was left in the presence of the wife of the defendant *Bowers*. It is objected that the words of the rule were not also followed, and that the affidavit does not state that the copy was left *with* the wife. If it could be supposed that the rule requires any thing more in this respect than is required by the statute, or that it is any thing but a repetition of the requirement of the statute, though in different words, then there might possibly be some force in this objection. But the rule obviously means the same thing as the statute, and was designed to carry out its requirements; and when it is stated in the affidavit that the copy was left in the presence of the wife, it is equivalent to stating that it was left with her. In this connection the two forms of expression mean precisely the same thing; and the objection entirely fails.

The third and last objection is, that the affidavit does not state that the defendant could not be found, so that service upon him personally could not have been made. This objection is unfounded in fact, because the affidavit does state that the defendant was not found. But it is urged that in the service of process in this way by a person not a sworn officer of the law, a proper con-

Lewis vs. Hartel.

struction of the statute requires that he should state facts in his affidavit showing that he used due diligence to find the defendant, so as to serve him personally, if possible. No such construction can be put upon the statute. It does not in terms, nor by implication, require that search shall be made for the defendant elsewhere than at his usual place of abode, and that he shall not be found, before service by leaving a copy at such place of abode shall be made. It contemplates that the person making the service, whether an officer or otherwise, shall go to the usual place of abode of the defendant, and if he is not found there, then that the service by a copy left at such place of abode may be made. The usual place of abode of the party to be served is the place where the law supposes he will be found, and if he is not found at that place, no further search to make service upon him personally is required ; and the substituted service by a copy left at such place of abode becomes lawful.

It follows from these views of the questions presented, that the judgment of the circuit court must be reversed, and a new trial awarded.

*By the Court.* — Ordered accordingly.