BENEFICIAL FINANCE COMPANY, Appellant, v. LEE, Respondent.

*November 28—December 22, 1967.*

For the appellant there was a brief by *Bass, Goldstein & Moglowsky* of Milwaukee, and oral argument by *Bernard Goldstein.*

For the respondent there was a brief and oral argument by *Sidney Spector* of Milwaukee.

CONNOR T. HANSEN, J. This is the first time this court has been called upon to consider the statutory language relating to substituted service of process since the legislature repealed and recreated ch. 262, Stats., by the enactment of sec. 15, ch. 226, Laws of 1959.

Prior to being repealed and recreated the requirements for substituted service were contained in sec. 262.08, Stats. 1959, and provided:

"262.08 **Personal service on individuals and its equivalent.** For personal service or its equivalent, the summons, and the accompanying complaint or notice aforesaid, if any, shall be served by delivering a copy thereof as follows:
"· · ·

"(3) In all other cases by delivering within the state a copy thereof to the defendant personally; or, *if not found*, by leaving within the state a copy thereof at his usual place of abode in the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof." (Emphasis added.)

*Lewis v. Hartel* (1869), 24 Wis. 504, 507, 508, considered statutory language very similar to that contained in the above cited sec. 262.08 (3), Stats.:

"The third and last objection is, that the affidavit does not state that the defendant could not be found, so that service upon him personally could not have been made. This objection is unfounded in fact, because the affidavit does state that the defendant *was not found. But it is urged that in the service of process in this way by a person not a sworn officer of the law, a proper construction of the statute requires that he should state facts in his affidavit showing that he used due diligence to find the defendant, so as to serve him personally, if possible. No such construction can be put upon the statute.* It does not in terms, nor by implication, require that search shall be made for the defendant elsewhere than at his usual place of abode, and that he shall not be found, before service by leaving a copy at such place of abode shall be made. *It contemplates that the person making the service, whether an officer or otherwise, shall go to the usual place of abode of the defendant, and if he is not found there, then that the service by a copy left at such place of abode may be made.* The usual place of abode of the party to be served is the place where the law supposes he will be found, and if he is not found at that place, no further search to make service upon him personally is required; and the substituted service by a copy left at such place of abode becomes lawful." (Emphasis added.)

Sec. 15, ch. 226, Laws of 1959, repealed and recreated the statute pertaining to personal and substituted service on individuals and it now provides as follows:

"**262.06 Personal jurisdiction, manner of serving summons for.** A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction

as provided in s. 262.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

"(1) NATURAL PERSON. Except as provided in sub. (2), upon a natural person:

"(a) By personally serving the summons upon the defendant either within or without this state.

"(b) *If with reasonable diligence the defendant cannot be served under par. (a),* then by leaving a copy of the summons at the defendant's usual place of abode within this state in the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof." (Emphasis added.)

The affidavit of the process server stated that the defendant "could not be found," and contains no averment that he used "reasonable diligence" to serve defendant personally and that he could not be so served with the process.

Sec. 262.01, Stats., requires that the provisions of ch. 262 be liberally construed. Therefore, we have examined the record and it discloses that the facts relating to the attempted substituted service on the wife of the defendant are as hereinbefore stated. The attempted service in November is of no significance. On this occasion counsel for the plaintiff had given the process server an address for the defendant that was not his current address and when the defendant could not be found at the address so given the pleadings were returned to counsel for plaintiff.

On December 17th, the process server went to the house of the defendant, inquired whether the defendant was home and was informed by a woman who identified herself as Alma Lee, wife of defendant, that defendant was not home and he thereupon served Alma Lee and made a "not found" return.

We conclude that the mandate of sec. 262.06 (1) (b), Stats., requiring "reasonable diligence" as compared with the "not found" language of former sec. 262.08 (3), Stats. 1959, recognizes and requires the use of a greater

degree of diligence than has been demonstrated in this case as a condition precedent to the use of substituted personal service.

"For a court to obtain jurisdiction over a person, a summons must be served as provided by the statutes. Slipshod and haphazard attempts to serve are not sufficient." *Howard v. Preston* (1966), 30 Wis. 2d 663, 669, 142 N. W. 2d 178, 182. See also sec. 262.04 (2), Stats.

Because our holding with respect to the issue of substituted service is dispositive of this appeal, it is not necessary that we consider the other issues raised by the respective parties.

*By the Court.*—Order affirmed.