WEST, Plaintiff-Appellant, v. WEST, Defendant-Respondent.

*No. 75-734. Argued January 4, 1978.—Decided February 7, 1978.*
(Also reported in 262 N.W.2d 87.)

For the appellant there were briefs by *David H. Hickey* and *Law Offices of Alvin H. Eisenberg, S. C.* of Milwaukee, and oral argument by *Mr. Hickey.*

For the respondent there was a brief by *Kevin M. O'Donnell, Kersten & McKinnon* of Milwaukee, and oral argument by *Mr. O'Donnell.*

HEFFERNAN, J.   This is an appeal from an order which vacated a judgment of divorce granted to Jamie Lee West because personal service was not made on the defendant, Nettie Lee West, and jurisdiction was not acquired by publication because there was evidence adduced at the hearing on the motion to vacate the divorce to show that reasonable diligence was not exercised in the attempt to effect personal service. We affirm the order of the trial court.

Jamie Lee West and Nettie Lee West were married in Alabama in either 1950 or 1952 (the record is contradictory in this respect). They lived together in Alabama for approximately five years, and thereafter they lived apart. Subsequently, at a time not revealed by the record, Jamie Lee West moved to Wisconsin and, in 1969, commenced an action for absolute divorce on the ground that the parties voluntarily lived entirely apart for five years preceding the commencement of the action.

Personal service upon Nettie Lee West was attempted by the sheriff's department of Mobile county, Alabama, and on the 20th day of June, 1969, an affidavit was executed by a deputy sheriff of Mobile county stating:

". . . he has used due diligence to find the said defendant and make service of said Summons and Complaint, upon him, but is unable with due diligence used for that purpose to find the defendant, Nettie Lee West,

in this State and he is informed and believes that said defendant, Nettie Lee West, is not a resident of nor now within this State."

The sheriff's affidavit, with the unserved summons and complaint, was returned to the Milwaukee county circuit court on August 4, 1969, together with an affidavit of Alvin H. Eisenberg, attorney for Jamie Lee West, which affidavit recited that, although a due and diligent effort was made to serve Nettie Lee West, such service could not be accomplished. The affidavit was made for the purpose of permitting service by publication pursuant to sec. 247.062(2), Stats. Publication was completed on September 11, 1969.

The matter was heard as a default, and the divorce granted on September 25, 1970, and judgment was filed on November 25, 1970.

On May 1, 1975, Jamie Lee West died as the result of an industrial accident. On November 19, 1975, a worker's compensation hearing was held in Wisconsin in respect to the payment of death benefits to the dependents of Jamie Lee West.

Nettie Lee West claims that it was at this hearing that she first learned of the existence of the default judgment of divorce. Less than a week thereafter, Nettie Lee West filed a motion to vacate the default divorce judgment on the grounds of fraud and because of the failure to acquire personal jurisdiction. It should be noted that, although fraud was asserted in the original motion papers, the trial court's determination to set aside and vacate the divorce judgment was based solely on the lack of personal jurisdiction, and accordingly fraud is not an issue on this appeal.

The motion to vacate the divorce judgment was served upon Attorney Alvin H. Eisenberg because he had been the attorney of record for Jamie Lee West in the original divorce action. The Eisenberg law offices filed a special

appearance. No objection was made during the course of the hearing on the motion to vacate that other necessary parties were not served or did not appear.

The testimony of Nettie Lee West at the hearing established that the parties were married in 1952 and that they lived together in Alabama for five years thereafter. Although the husband then left the wife, she asserted that contact was maintained; and she indicated that there was never any agreement that they would stay apart permanently. She testified that she maintained close contact with the members of her husband's family. She stated that she lived with her mother at 467 Zieman Street in Prichard, Alabama, until 1969. This address was the one given for the wife on the divorce complaint which was delivered to the sheriff of Mobile county. She stated that after 1969 she took a job in Mississippi which required her to live there during the week. She returned, however, to the Alabama home of her mother in Prichard on weekends. She testified that her husband's parents at all times knew about her work arrangements in Mississippi.

She also testified that her husband returned to Alabama in April of 1970 to attend a funeral. At that time she and her husband Jamie, she stated, lived together as husband and wife for approximately a two-week period at the home of his niece. We take notice of the fact that this alleged resumption of marital relations occurred while Jamie Lee West's divorce action was pending in Milwaukee, Wisconsin. She stated that during this period Jamie Lee never mentioned the pendency of divorce proceedings, and that in fact he stated that he was going to have her come to Milwaukee and live with him as soon as he found a suitable place.

Nettie Lee's statement that she lived with Jamie Lee for a period in 1970 and her statement that there was no mention of a pending divorce was corroborated by an

affidavit of Helen West Gildersleeve, a niece of Jamie Lee, with whom Nettie Lee and Jamie Lee lived during this interlude in Alabama. Nettie Lee also stated that at that time she gave Jamie Lee her workday address in Mississippi.

No other witnesses appeared at the motion to vacate the divorce, although the Eisenberg office introduced into evidence a notice by certified mail of the application for the default divorce. This notice was mailed to Nettie Lee West at 467 Zieman Street, Prichard, Alabama, on June 29, 1970, and was returned by the postal department with the notation that the addressee was unknown.

A copy of the divorce judgment was also introduced, which purportedly had been mailed to Nettie Lee West on November 27, 1970, and this also was returned with the notation that it was unclaimed.

The trial judge entered a finding of fact stating that:

"[T]he court is satisfied plaintiff Jamie Lee West did not exhaust efforts to locate the precise mailing address of defendant in that no proof of mailing of the summons and complaint has been presented to the court by plaintiff or his attorneys pursuant to the provisions of Sec. 247.062 (2) Wis. Stats. as, for example, by contacting his relatives in Mobile, Alabama who were or may have been aware of the precise residence address of defendant Nettie Lee West."

In effect, then, the trial judge held that the attempted acquisition of jurisdiction by publication was ineffective, because there was a showing that due diligence had not been exercised to serve Nettie Lee West personally in Alabama. He, accordingly, held that the judgment was void for want of personal jurisdiction; and he dismissed the complaint.

The trial judge's rationale is further explicated in his memorandum decision. He stated that the evidence satisfied him that the plaintiff had information concerning

the possible whereabouts of the defendant which he did not communicate to his counsel and that he did not use due diligence in determining the defendant's actual whereabouts. The trial judge stated:

"He had relatives in Prichard, she had relatives, and I'm quite sure the law of the State of Wisconsin requires that mere getting a not found from a sheriff is not sufficient. If you have information as to the possible whereabouts of a defendant you must exhaust such information. He could have inquired of his family, of the niece as to the whereabouts of Mrs. West . . . ."

The question to be decided on the motion to vacate and to hold the judgment void is simply whether there was credible evidence to show that due diligence was not exercised. It is clear that the judge concluded that the evidence presented to him by the sworn testimony of Nettie Lee West and the sworn affidavit of Jamie Lee West's niece, Helen West Gildersleeve, was credible. On review, the test is that usually applied where findings of fact are made by a trial judge. Are the findings of fact contrary to the great weight and clear preponderance of the credible evidence? The trial judge was the sole determiner of the credibility of the witnesses, and it is apparent that the weight of the evidence was not contrary to his findings.

We are troubled by the fact that both parties to this appeal predicate their arguments on what we consider to be an inappropriate standard. Both parties to this appeal seem to argue that the applicable statute is sec. 269.46 (1), Stats. That statute provides that a party may be relieved from a judgment which was obtained by mistake, inadvertence, surprise, or excusable neglect. Sec. 269.46(1) presupposes the entry of a valid judgment, which may, under some circumstances, in the discretion of the trial judge, be set aside in the interest of justice.

It has nothing whatsoever to do with the vacation of a void judgment.

While under sec. 269.46 (1), Stats., we review the exercise of the trial judge's discretion, where a claim is made that a judgment is void the question is simply whether the finding of fact made with respect to the validity or invalidity of the judgment is contrary to the great weight and clear preponderance of the evidence. Accordingly, sec. 269.46 (1) is irrelevant where a void judgment is claimed. As a consequence, the one-year time limitation for relief under sec. 269.46 (1) is inapplicable.

Laches is not a defense, and there is no necessity of showing a meritorious defense to the action on the merits. *See, Home Bank v. Becker,* 48 Wis.2d 1, 179 N.W.2d 855 (1970). A void judgment may be expunged by a court at any time. Where, as here, the claim is made that the judgment is void for want of personal jurisdiction, all that is needed is the determination that, in fact, jurisdiction was not acquired in the proceedings that led up to the entry of the judgment. The test of the resultant findings is based, not upon whether or not there was an abuse of discretion, but whether there were facts adduced which warranted the entry of the order expunging the judgment.

We conclude that the trial judge was correct in his conclusion that one who seeks substituted service by publication must first exhaust with due diligence any leads or information reasonably calculated to make personal service possible.

In the instant case the affidavits and the testimony on the wife's motion to vacate the judgment indicate that the husband could have ascertained the actual whereabouts of his wife by contacting any one of several

members of his immediate family or of her immediate family, with whom he had remained in contact.

The hearing also indicated that the husband actually lived with his wife during the pendency of these proceedings and that she informed him of her weekday address in Mississippi.

The record shows that the husband, Jamie Lee West, did not use due diligence in following up leads which would have made possible personal service. The trial judge's conclusion in this respect is borne out by prior cases of this court.

In *Beneficial Finance Co. v. Lee*, 37 Wis.2d 263, 155 N.W.2d 153 (1967), we held that slipshod and haphazard attempts were not sufficient and that reasonable diligence or due diligence must be exercised. In *Span v. Span*, 52 Wis.2d 786, 191 N.W.2d 209 (1971), we pointed out that an affidavit which recites, as a conclusion, that reasonable diligence was exercised is not in itself sufficient. We stated therein that the affidavit requires a showing of the "efforts to make personal service within or without the state." (at 790)

In the instant case the only effort to effect service was to give to the sheriff the defendant's last known address. The facts, however, show that reasonable diligence would have made it possible to actually effect personal service. The requirement of reasonable diligence was not satisfied.

The trial judge correctly applied the law of Wisconsin; and on the basis of evidence which he determined to be credible, he properly found that due diligence had not been exercised. Accordingly, the prerequisite for service by publication was not established. Because personal jurisdiction was not acquired over the defendant, Nettie

Lee West, the trial judge correctly concluded that the judgment of divorce was void.

Additionally, the attorney for the deceased husband argues, for the first time on this appeal, that notice of the motion to vacate the judgment should have been served on the personal representative of the estate of Jamie Lee West.

On oral argument it was conceded that Alvin H. Eisenberg, on whom notice was served pursuant to sec. 269.37, Stats., also represented the personal representative of the estate of the deceased. There seems to be little doubt that the personal representative, whether he was served or not, had actual notice of the proceedings, for the notice of appeal in the instant case is signed not only by Alvin H. Eisenberg, as attorney for the estate of Jamie Lee West, but also by Charles West, as personal representative. It would appear, therefore, that the personal representative, Charles West, had such an identity of interest with Alvin H. Eisenberg, who was given notice of the motion to vacate the judgment, that he considered himself bound by the judgment and, as a party aggrieved, sought relief on the appeal.

The service of process statute on which Nettie Lee West proceeded on her motion to vacate the judgment is sec. 269.37, Stats., which in the part relevant here provides, "When a party to an action or proceeding shall have appeared by an attorney the service of papers shall be made upon the attorney."

We are satisfied that in the instant case the service on the attorney was sufficient and there was no prejudice whatsoever to the interests of the estate of Jamie Lee West.

Additionally, it was asserted that alleged other wives and children of other alleged marriages were entitled to

notice to reopen the divorce judgment. The facts asserted on appeal indicate that Jamie Lee West entered into one marriage, apparently bigamous in nature, while he was married to Nettie Lee West and before any divorce action was commenced. Moreover, after the entry of the divorce judgment, which we hold to be void, and prior to the date on which remarriage would have been permitted even though the divorce were valid, he entered into another marriage. Under Wisconsin law, given the fact that there had never been a divorce from Nettie Lee West, neither of these marriages has any validity.

Children were born as the result of the first of these liaisons. However, neither of these women who thought themselves to be married to Jamie Lee West, nor the children of the spurious marriage, could furnish any information which could affect the jurisdictional fact relevant to whether or not due diligence and reasonable efforts had been made to accomplish personal service of the divorce summons and complaint on Nettie Lee West. It would appear, therefore, that they have no standing in law or justice to assert that they should have been notified of the pendency of Nettie Lee West's motion to vacate the void divorce.

Whatever rights these alleged wives have in the estate of Jamie Lee West is not at issue in the present proceedings. Nor do we in any way attempt to decide, on the basis of the record before us, whether or not the children are entitled to any of the proceeds of the worker's compensation benefits resulting from the death of Jamie Lee West.

In these proceedings we hold only that there was sufficient identity of interests between the lawyer who previously represented Jamie Lee West and the personal representative, whom that same lawyer was representing at the time of the motion to vacate, that no prejudice

resulted by the failure to give notice to the personal representative separately.

We conclude that the other alleged wives had no interest in respect to the proceedings brought by Nettie Lee West to vacate the judgment of divorce; and we hold that the trial judge, on the basis of sufficient evidence and consistent with the Wisconsin law, correctly held the divorce judgment to be void.

*By the Court.*—Order affirmed.