John P. HASELOW, Plaintiff-Appellant,

v.

Grant GAUTHIER, Defendant-Respondent,

Lester L. GAUTHIER, Grant L. Gauthier Inc., Today Realty Inc., Six Farmers Inc., and Daniel R. Morgan, Defendants.

Court of Appeals

*No. 96–3589. Submitted on briefs July 8, 1997.—Decided July 31, 1997.*

(Also reported in 569 N.W.2d 97.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Charles W. Giesen* and *Scott E. Mickelson* of *Giesen Law Offices, S.C.* of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jeff W. Meverden* of Neenah.

Before Cane, P.J., LaRocque and Myse JJ.

LaROCQUE, J.  John P. Haselow appeals an order reopening a default judgment against Grant Gauthier and a later order dismissing Haselow's action against Gauthier with prejudice.[1] Haselow challenges the order reopening the default judgment on a finding that he failed to use due diligence in his attempt to obtain personal service of process upon Gauthier. He also asserts that the circuit court's subsequent order dismissing Haselow's action with prejudice is in error. We conclude that the trial court properly exercised its discretion when it reopened the judgment. However, we agree with Haselow's contention that it was error for the court to then dismiss the action upon an ex parte motion from Gauthier and to dismiss it "with prejudice." We therefore affirm the decision setting aside the default judgment but reverse the order for dismissal with prejudice and remand with directions to enter an order to dismiss without prejudice.

This litigation arose in October 1995 when Haselow filed a complaint in circuit court against Gauthier and other defendants[2] after a dispute involving a limited partnership between Haselow and Gauthier. After filing the complaint, Haselow hired licensed private investigator Dennis Piper to serve the summons and complaint. Piper attempted to serve

[1] In a previous order dated February 25, 1997, this court determined that it had jurisdiction to review not only the order dismissing the action, but also the order reopening the default judgment, which is ordinarily a nonfinal order.

[2] The other defendants are not parties to this appeal. Daniel R. Morgan, Today Realty Inc., Six Farmers Inc., and Lester L. Gauthier were dismissed by stipulation. A default judgment remains against Grant Gauthier, Inc., because the trial court's order reopening the default judgment applied only to the judgment against Grant Gauthier the person.

Gauthier at a Casaloma Drive address in Appleton, Wisconsin. This address was obtained from corporate documents filed with the Wisconsin Secretary of State office listing Gauthier as an officer or agent of several corporations. This address appeared on corporate filings beginning in 1991 and was still current according to documents filed in July 1995, three months before the complaint was filed in this case.

When Piper arrived at the address, he served a summons and complaint upon Gauthier's father, Lester, and also left copies for Gauthier. Lester told Piper that his son was in Hawaii. Piper testified that Lester said that Gauthier was working in Hawaii while Lester testified that he had said that his son was living there. The summons and complaint directed to Grant Gauthier were returned to Haselow's attorney by Lester's attorney.

Haselow then mailed Gauthier copies of the summons and complaint on November 14 to a Wisconsin Court street address in Appleton. This address was obtained from corporate documents Gauthier filed with the Wisconsin Secretary of State in October 1995. On the same date, Haselow arranged for a copy of the summons and complaint to be published in the Appleton Post-Crescent on November 17, November 24 and December 1, 1995. On December 2, 1995, the previously mailed summons and complaint were returned by the post office marked "return to sender." A different address, on "E. Wisc." in Appleton, was handwritten on the envelope.

In March 1996, Haselow moved the trial court for default judgment on all claims against Gauthier. In the order granting default judgment, the trial court found that "[t]he summons and complaint were served upon Grant Gauthier . . . as required by Chapter 801, Stats."

It also found that it had jurisdiction over the claims stated in the complaint and that it had personal jurisdiction over Gauthier.

In July 1996 Gauthier filed a motion to reopen the default judgment pursuant to § 806.07(1)(a) and (c), STATS., on the grounds that he was never properly served with the summons and complaint. The motion was supported by an affidavit of Lester Gauthier. In the affidavit, Lester claimed that he stated to Piper that he "did not know of Grant Gauthier's whereabouts and that [he] would not accept service" for him. At the motion hearing, Gauthier testified that he told Piper that his son was living in Hawaii.

The court granted Gauthier's motion to reopen the default judgment. The court found that there was no personal service and that Haselow did not exercise reasonable diligence in attempting to effectuate personal service. The court also found that Haselow's attempt at substitute service was inadequate. Thus, the court found that it never acquired personal jurisdiction over Gauthier and therefore granted the motion to reopen the default judgment. Thereafter, Gauthier filed an answer and affirmative defenses to the complaint.

Then, in September 1996, Gauthier filed an ex parte motion requesting the court dismiss the action with prejudice due to lack of service. The motion stated that the trial court's July ruling dismissed the case because Haselow failed to properly serve Gauthier with the summons and complaint pursuant to § 801.11, STATS. The trial court, without notice to Haselow, signed and entered the order. Haselow now appeals the trial court's order reopening the default judgment and its order dismissing the case with prejudice.

The requirement that a court have personal jurisdiction over a defendant in order to render a judgment in a civil lawsuit is grounded in constitutional requirements of due process.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

This requirement is recognized in Wisconsin in § 801.11, STATS., which declares when a court of this state may exercise personal jurisdiction.[3] If a party obtains a judgment without obtaining personal service

---

[3] Section 801.11, STATS., states:

Personal jurisdiction, manner of serving summons for. A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 801.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

**(1)** NATURAL PERSON. Except as provided in sub. (2) upon a natural person:

(a)   By personally serving the summons upon the defendant either within or without this state.

(b)   If with reasonable diligence the defendant cannot be served under par. (a), then by leaving a copy of the summons at the defendant's usual place of abode:

1.   In the presence of a competent adult, currently residing in the abode of the defendant, who shall be informed of the contents thereof;

1m.   In the presence of a competent adult, currently residing in the abode of the defendant, who shall be informed of the contents of the summons; or

pursuant to this statute, the judgment is considered void. *West v. West,* 82 Wis. 2d 158, 166, 262 N.W.2d 87, 90 (1978) (discussing the predecessor to §§ 806.07 and 269.46, STATS.). While Gauthier's motion to reopen the default judgment was pursuant to § 806.07(1)(a) and (c), STATS., the implicit argument he made in the trial court and now on appeal is that the judgment was void for lack of due diligence in trying to effect personal service.

Gauthier argues that Haselow did not exercise "reasonable diligence" in attempting to effectuate personal service. The party seeking to vacate judgment has the burden of proving lack of effective service. *Emery v. Emery,* 124 Wis. 2d 613, 622, 369 N.W.2d 728, 732–33 (1985). This court will not reverse an order reopening a default judgment unless the trial court erroneously exercised its discretion. *See Gaertner v. 880 Corp.,* 131 Wis. 2d 492, 500, 389 N.W.2d 59, 62 (Ct. App. 1986). Additionally, the test for whether reasonable diligence for personal service has been satisfied is dependent upon the facts of each case. *Heaston v. Austin,* 47 Wis. 2d 67, 73, 176 N.W.2d 309, 313 (1970). Substitute service is authorized after the plaintiff, using due diligence, exhausts information or "leads"

---

2. Pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made.

(c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

reasonably calculated to effectuate personal service. *West*, 82 Wis. 2d at 166, 262 N.W.2d at 90.[4]

The evidence supports the trial court's findings that Haselow did not exercise reasonable diligence in attempting to effectuate personal service upon Gauthier. It is undisputed that Haselow's process

---

[4] We respectfully suggest there may be some confusion regarding the proper standard of review whether a judgment is void because of lack of due diligence in attempting to obtain personal service of a summons and complaint. In *West v. West*, 82 Wis. 2d 158, 166, 262 N.W.2d 87, 90 (1978), the standard is described as follows:

> While under sec. 269.46(1) Stats., [now 806.07, Stats.], we review the exercise of the trial judge's discretion, where a claim is made that a judgment is void the question is simply whether the finding of fact made with respect to the validity or invalidity of the judgment is contrary to the great weight and clear preponderance of the evidence.
>
> . . . .
>
> Where, as here, the claim is made that the judgment is void for lack of personal jurisdiction, all that is needed is the determination that, in fact, jurisdiction was not acquired in the proceedings that led up to the entry of the judgment. The test of the resultant findings is based, not upon whether or not there was an abuse of discretion, but whether there were facts adduced which warranted the entry of the order expunging the judgment.

The preceding language suggests that a trial court's finding of a lack of personal jurisdiction is reviewed as a finding of fact (now the clearly erroneous standard in § 805.17(2), STATS.). Ordinarily, we would decide whether the facts fulfill a particular legal standard, in this case "due diligence," is a question of law. *See Nottelson v. DILHR*, 94 Wis. 2d 106, 115–16, 287 N.W.2d 763, 768 (1980).

We conclude that whether we review the issue of due diligence in this case as a question of fact or a question of law, the result would be the same. The trial court's finding is not clearly erroneous, and we also conclude that those facts fail to demonstrate due diligence as a matter of law.

server was told that Gauthier was not residing at the address where personal service was attempted, but he was either working or living in Hawaii.

Consistent with due diligence, Haselow was required to reasonably follow up to attempt service. Thus, even if we assume that no further effort to serve Gauthier in Appleton was required, no attempt was made to effect personal service in Hawaii. There is no indication of any attempt to contact the postmaster, or to determine if Gauthier had other relatives, friends, neighbors or business associates who had relevant information.

We agree with this statement of the meaning of "due diligence":

> The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address . . . of the person on whom service is sought.

*Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950) (Wolfe, J., concurring). Because Haselow made only a single inquiry of Gauthier's father and immediately attempted substitute service, we agree with the trial court's finding of lack of due diligence. We therefore affirm the trial court order reopening the default judgment.

## THE ORDER OF DISMISSAL WITH PREJUDICE

Haselow also appeals the trial court's order dismissing the case against Gauthier with prejudice. That order stated:

589

[Gauthier] moves the court to dismiss the above entitled action, with prejudice, based upon the fact that plaintiff did not serve the summons and complaint upon the defendant, Grant Gauthier, within 60 days from the filing date as required by sec. 801.02, Wis. Stats., and pursuant to the motion hearing to reopen default judgment held on August 16, 1996, whereby the Honorable Joseph M. Troy dismissed the above entitled action against the defendant, Grant Gauthier, due to lack of service.

It is undisputed that this motion was presented and heard ex parte, without notice to Haselow. The court signed and entered the order without further explanation. We conclude that it was error for the court to dismiss the action ex parte and with prejudice.

First, we conclude that a motion to dismiss with prejudice cannot be heard ex parte. Section 801.14(1), STATS., states that "every written motion other than one which may be heard ex parte . . . shall be served upon each of the parties." Furthermore, § 801.15(4), STATS., states that "[a]ll written motions shall be heard on notice unless a statute or rule permits the motion to be heard ex parte." Gauthier identifies no statute or rule which permits a motion to dismiss with prejudice to be heard ex parte. Furthermore, our supreme court has held that notice of judicial proceedings is "one of the elementary essentials" of our judicial system. *State ex rel. Hall v. Cowie*, 259 Wis. 123, 128, 47 N.W.2d 309, 311 (1951). Under such circumstances, we conclude it was improper to dismiss the complaint ex parte.

Second, we conclude that the trial court erroneously exercised its discretion in dismissing the complaint with prejudice. Our review of a trial court's

decision to dismiss a case with prejudice is limited to whether the trial court erroneously exercised its discretion. *See Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273, 470 N.W.2d 859, 863 (1991). We will uphold a discretionary decision of the trial court "if the [trial] court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Id.*

■

However, because dismissal with prejudice is a drastic sanction, a court should dismiss a case only on finding egregious conduct or bad faith. *Trispel v. Haefer*, 89 Wis. 2d 725, 732–33, 279 N.W.2d 242, 245 (1979). Indeed, Wisconsin courts have repeatedly emphasized that dismissals with prejudice are most appropriate in cases of misconduct or inexcusable neglect, or where the claims are unlikely to succeed. *See, e.g., Johnson*, 162 Wis. 2d at 277, 470 N.W.2d at 865 (dismissal with prejudice appropriate where plaintiff failed to follow court orders after repeated warnings and a two-year delay); *Schneller v. St. Mary's Hosp. Med. Ctr.*, 162 Wis. 2d 296, 314, 470 N.W.2d 873, 879 (1991) ("drastic sanction" of dismissal appropriate where party repeatedly failed to comply with deadline for naming experts necessary to substantiate its case); *Buchanan v. General Cas. Co.*, 191 Wis. 2d 1, 7–8, 528 N.W.2d 457, 460 (Ct. App. 995) (dismissal appropriate where party fails to appear for trial without court approval); *Wisconsin Ass'n of Nursing Homes, Inc. v. Journal Co.*, 92 Wis. 2d 709, 720–21, 285 N.W.2d 891, 898 (Ct. App. 1979) (trial court may dismiss the plaintiff's complaint with prejudice for failure to state a claim where there is no likelihood that the plaintiff will succeed on the merits of the claim). We conclude that

the record in this case fails to establish proper grounds for dismissal with prejudice.

Haselow's failure to obtain personal jurisdiction over Gauthier does not amount to egregious conduct or bad faith, nor has Gauthier shown that Haselow's claims are unlikely to succeed. In such a situation, courts should avoid the "drastic sanction" of a dismissal with prejudice. We therefore reverse the order dismissing the complaint with prejudice and remand to the trial court with directions to enter an order dismissing the complaint without prejudice.

*By the Court.*—Orders affirmed in part; reversed in part and cause remanded with directions. No costs on appeal.