In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 17-2516

CRAIG CUNNINGHAM,

*Plaintiff-Appellee,*

*v.*

MICHAEL MONTES, *et al.*,

*Defendants-Appellants.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 16-cv-761-jdp — **James D. Peterson**, *Chief Judge.*

———————

ARGUED FEBRUARY 8, 2018 — DECIDED FEBRUARY 21, 2018

———————

Before FLAUM, EASTERBROOK, and MANION, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Michael Montes owns two houses, one in California and the other in Wisconsin. After filing this suit, Craig Cunningham arranged for service of process at the Wisconsin address. No one came to the door. The process server called Montes, who refused to provide his current location. After an *ex parte* submission from Cunningham, the district judge authorized service by publication. 2017 U.S. Dist. LEXIS 26804 (W.D. Wis. Feb. 27, 2017).

Cunningham then published notice in periodicals that circulate only in the Midwest. When Montes did not answer the complaint, the district court entered a default.

After learning about this case from a defendant in another of Cunningham's suits, Montes asked the court to set aside the default. See Fed. R. Civ. P. 55(c). The judge declined, writing that "Montes has rather persistently sought to evade service in both California and Wisconsin", 2017 U.S. Dist. LEXIS 111115 at *5 (W.D. Wis. July 18, 2017), and entered a judgment for more than $175,000.

The judge did not elaborate on his statement that "Montes has rather persistently sought to evade service in both California and Wisconsin"; indeed, the judge did not relate what Montes has done to evade service in *either* state. True, no one opened the door when a deputy sheriff arrived in Wisconsin with a summons, but being at a different home in a different state is not a form of evading service. True, Montes did not provide his address when the deputy sheriff called, but anyone can *claim* over a phone to be a public official with a legitimate need for information; few people will provide personal details to strangers in response to cold calls. And there is no evidence that Montes has evaded service in California, because Cunningham concedes that he has not tried to serve Montes there.

The propriety of resorting to publication depends on Wis. Stat. §801.11(1), which says that when "reasonable diligence" has not succeeded in producing service in hand, then a court may authorize service by publication. The district court did not explain why the "reasonable diligence" standard is satisfied when service is attempted at only one of a defendant's known residences. (Cunningham concedes knowing Mon-

tes's address in California.) Wisconsin requires a plaintiff who knows or readily can learn that a defendant has multiple addresses to attempt to serve the defendant at each address. Compare *Haselow v. Gauthier*, 212 Wis. 2d 580, 585–89 (App. 1997), with *Loppnow v. Bielik*, 2010 WI App 66, ¶¶ 20–21. Cunningham has not done that. Nor did the judge explain why a single visit from a process server is "reasonable diligence"; Wisconsin requires more effort than that. See *Beneficial Finance Co. v. Lee*, 37 Wis. 2d 263, 269 (1967); *Heaston v. Austin*, 47 Wis. 2d 67, 74 (1970).

At oral argument Cunningham told us that he decided not to serve Montes in California because listings on the Internet show that the California house is available for rent by the week. Cunningham concluded that Montes does not live in California at all. That's not a good inference. Many people who divide their time between two houses try to cover part of the cost by renting out the place they are not using at the time. Businesses offer time-share services to homeowners, and the advent of Airbnb enables owners to handle these arrangements on their own. It would not be sound to treat as unoccupied (by the owner) any house available to rent by the day or week. And the district judge did not so treat Montes's house in California. Neither, however, did the judge explain how the statutory requirement of "reasonable diligence" is satisfied by a plaintiff who did not try to serve the defendant at one of the defendant's known addresses.

Montes filed an affidavit stating that his principal residence is the house in California and listing all dates when he and his wife were in Wisconsin during 2016 and the first half of 2017. If the statements in the affidavit are true, then Montes was in California when the process server arrived in Wis-

consin. Cunningham suspects that Montes is lying; maybe the district judge does too, but the judge did not find that the statements in this affidavit are false. If Montes is playing a shell game—claiming to be in Wisconsin when process servers arrive in California, and in California when process servers arrive in Wisconsin—that would support a finding that he is evading service. Given the lack of any effort to serve him in California, however, it would be difficult to make such a finding in this case. Montes appeared in this litigation promptly after learning of its existence; that is a mark in his favor. We cannot exclude the possibility that he has tried to play games, but the absence of any factual finding to that effect (after adversarial rather than *ex parte* procedure) requires further proceedings. Unless new evidence shows that Wis. Stat. §801.11(1) has been satisfied despite Cunningham's decision not to attempt service in California, the default must be vacated and the case decided on the merits.

VACATED AND REMANDED