COURT OF APPEALS
DECISION
DATED AND FILED

August 8, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP678**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV3060

IN COURT OF APPEALS
DISTRICT IV

DONALD E. CARROLL,

   PLAINTIFF-APPELLANT,

 V.

ROLAND F. SARKO,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: DIANE SCHLIPPER, Judge. *Affirmed*.

Before Kloppenburg, P.J., Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Donald E. Carroll appeals a summary judgment order that dismissed Carroll's action against Roland F. Sarko based on insufficient

service of process. Carroll contends that he made reasonable efforts to personally serve Sarko before resorting to service by publication. For the reasons explained in this opinion, we conclude that Carroll failed to make reasonable efforts to personally serve Sarko. Accordingly, service by publication was insufficient. We affirm.

¶2 The following facts are undisputed in the summary judgment material. Carroll filed this action against Sarko in December 2021, seeking to collect on a judgment that Carroll purchased from a third party. Carroll attempted personal service on Sarko through a process server on March 9, 2022. The process server made contact with Sarko's wife at Sarko's residence in Mount Horeb, Wisconsin, but incorrectly told her that he was there to serve the complaint on her father. Sarko's wife informed the process server that her father was deceased, and the process server left.

¶3 The process server attempted service a second time at the Sarko residence on March 22, 2022. The Sarkos were not home, and the process server left without accomplishing service of process.

¶4 On March 25, 2022, the process server made contact with Sarko by telephone. Sarko informed the process server that he was traveling to Florida and would be in Florida through March. Sarko arrived in Florida on March 25, 2022, and remained there until March 28, 2022. Carroll did not make an attempt to personally serve Sarko after learning that he was traveling to Florida. Sarko attempted service by publication on March 24, 2022, March 31, 2022, and April 7, 2022.

¶5      The circuit court granted summary judgment to Sarko on the basis that Carroll had not exercised reasonable diligence in attempting personal service before resorting to service by publication.  Carroll appeals.

¶6      Due process requires that a court have personal jurisdiction over a defendant in a civil suit.  *Loppnow v. Bielik*, 2010 WI App 66, ¶10, 324 Wis. 2d 803, 783 N.W.2d 450.  "Fundamental to that due process requirement is the provision of notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* (quoted source omitted).

¶7      Under WIS. STAT. § 801.11(1) (2021-22), personal service must be attempted with "reasonable diligence" before an alternative method of service may be used.[1]  *Loppnow*, 324 Wis. 2d 803, ¶10.  We have described "reasonable diligence" as follows:

> The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived.  Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address ... of the person on whom service is sought.

*Id.* (quoted source omitted).  We have also explained that "reasonable diligence … requires the pursuit of any 'leads or information reasonably calculated to make personal service possible.'"  *Id.* (quoted source omitted).  In other words, reasonable diligence is that diligence "'which is reasonable under the circumstances.'"  *Haselow v. Gauthier*, 212 Wis. 2d 580, 589, 569 N.W.2d 97 (Ct. App. 1997) (quoted source omitted).  "Substitute service is authorized after the

---

[1]  All references to the Wisconsin Statutes are to the 2021-22 version.

plaintiff, using due diligence, exhausts information or 'leads' reasonably calculated to effectuate personal service." *Id.* at 587-88 (quoted source omitted).

¶8 When we review a summary judgment decision, we apply the standards set forth in WIS. STAT. § 802.08(2) in the same manner as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is properly granted when no material issue of fact exists and only a question of law is at issue. *Id.* Here, the facts are not in dispute. The issue on appeal is whether Carroll was reasonably diligent in attempting to personally serve Sarko, pursuant to WIS. STAT. § 801.11. When, as here, the underlying facts regarding reasonable diligence in service of process are undisputed, "the legal significance of such attempts is a question of law to be addressed independently by the reviewing court." *See Welty v. Heggy*, 124 Wis. 2d 318, 324, 369 N.W.2d 763 (Ct. App. 1985).

¶9 We conclude that the undisputed facts here establish that Carroll failed to use reasonable diligence in attempting to serve Sarko. After the second attempt to serve Sarko at his residence in Mount Horeb, the process server learned that Sarko was traveling to Florida. However, Carroll made no attempt to learn where Sarko would be staying in Florida so that personal service could be made there. Carroll made no further attempts at personal service at that point, attempting service by publication instead. Because Carroll failed to pursue a viable lead to effect personal service on Sarko in Florida, he did not exercise reasonable diligence.[2]

---

[2] The parties dispute whether Carroll reasonably believed that the time to serve Sarko was by the end of March 2022, such that his resort to service by publication rather than making any further attempts to personally serve Sarko after he returned to Mount Horeb was reasonable.
(continued)

¶10    Carroll argues that he exercised reasonable diligence in attempting personal service on Sarko by attempting personal service twice at Sarko's residence, for two primary reasons.[3]  First, Carroll contends that it would not have been reasonable for him to attempt to locate Sarko to serve him in Florida because "Sarko is an evader of service of process," as demonstrated by Carroll's difficulties in attempting to serve Sarko in prior actions.[4]  However, the fact that

---

We need not reach this dispute.  Rather, as explained, we conclude that Carroll failed to exercise reasonable diligence when he failed to make an attempt to discover where Sarko would be staying in Florida so that personal service could be attempted there.

[3]  Carroll argues that Sarko's wife should have known that the process server was looking for Sarko, not her father, and that she had a personal motivation not to correct him.  That argument is not relevant to our analysis of whether Carroll used reasonable diligence in attempting personal service, and we do not address it further.

[4]  Carroll cites the following from his affidavit opposing summary judgment:

> I had previously brought a small claims action against Roland Sarko in July, 2019.  That suit was also a suit brought to enforce an unsatisfied judgment which was about to expire.  That judgment was for the non-payment of wages.  At that time the defendant refused to accept the certified letter informing him of the filing of a petition to obtain leave to bring suit on the judgment.  After obtaining leave of the court, I brought suit and hired Dane County Legal Process, LLC, (DCLP) to serve the summons and complaint on the defendant.  DCLP was unable to serve the defendant.  In DCLP's Affidavit of Non-Service, it stated that three attempts were made at defendant's residence, that curtains were pulled tight in the windows of the residence, that vehicles (red pickup and white sedan) were present at different times, that dogs were running loose and that business cards of DCLP were left and found to be missing on return trips.  The affidavit stated: "Clearly the defendant is not interested in being served."   I subsequently served the defendant by publication.

Additionally, Carroll argues that Sarko avoids his responsibilities in general, citing a circuit court order from another case between the parties that referenced Sarko's outstanding tax warrants.  Carroll cites the circuit court's finding in that case that "[a]bsent from the record is convincing evidence that Sarko's claim that he lacks income and assets to satisfy his debts can be taken at face value. This is particularly true where it appears that much effort has been orchestrated to insulate income and assets from collection."  Carroll's claim that Sarko avoids his

(continued)

Carroll had difficulty serving Sarko in the past does not establish that, here, Sarko would have refused any further attempt at personal service. We conclude that the evidence on summary judgment does not establish that Sarko was evading service in this matter such that any further attempts to serve Sarko would have been futile.

¶11     Second, Carroll argues that, because he knew Sarko's residence in Wisconsin, he was not required to locate Sarko on vacation to serve Sarko. He contends that his two attempts to serve Sarko at his residence were sufficient to meet the standard of "reasonable diligence." In support of this argument, Carroll argues that the facts here are distinguishable from cases holding that a plaintiff failed to exercise reasonable diligence in attempting personal service because, in those cases, the plaintiff failed to pursue a viable lead to discover a defendant's place of residence when the defendant's address was unknown. *See West v. West*, 82 Wis. 2d 158, 262 N.W.2d 87 (1978); *Loppnow*, 324 Wis. 2d 803; *Haselow*, 212 Wis. 2d 580. He argues that there is no requirement in the case law that a plaintiff locate a defendant on vacation in order to serve the defendant, when the plaintiff knows the defendant's place of residence.

¶12     However, the cases that Carroll cites establish that a plaintiff is required to pursue viable leads as to a defendant's whereabouts to exercise reasonable diligence to accomplish personal service. *See West*, 82 Wis. 2d at 90-91 (in divorce action, the plaintiff husband failed to exercise reasonable diligence in attempting personal service where "the husband could have ascertained the actual whereabouts of his wife by contacting any one of several members of his

---

obligations in general is not relevant to our analysis of whether Carroll used reasonable diligence in attempting personal service, and we do not address it further.

immediate family or of her immediate family, with whom he had remained in contact"); *Haselow*, 212 Wis. 2d at 588-89 (the plaintiff failed to exercise reasonable diligence where the "process server was told [by the defendant's father that the defendant] was not residing at the [Appleton] address where personal service was attempted, but that he was either working or living in Hawaii," and plaintiff made no attempt to locate the defendant in Hawaii). As we explained in *Loppnow*, 324 Wis. 2d 803, ¶15:

> The guiding principle in these cases is that, when pursuing any leads or information reasonably calculated to make personal service possible, the plaintiff must not stop short of pursuing a viable lead—or in other words, stop short "of the place where if [the diligence] were continued might reasonably be expected to uncover an address … of the person on whom service is sought."

(Alterations in original; quoted source omitted.)

¶13    In addition, Carroll cites no authority supporting the proposition that a plaintiff is required only to follow a viable lead to discover a defendant's regular place of residence to accomplish personal service. WISCONSIN STAT. § 801.11 requires personal service "either within or without this state," and nothing in the statute requires that personal service occur at a defendant's residence. Additionally, nothing in the cases Carroll cites suggests that a plaintiff need only pursue a viable lead as to a defendant's place of residence in order to exercise reasonable diligence. Rather, the cases hold both that a defendant must pursue a viable lead to discover a defendant's whereabouts in order to accomplish personal service, and that the determination of reasonable diligence is a question of what is reasonable under the facts of a particular case. *Haselow*, 212 Wis. 2d at 587, 589. Here, as explained, we conclude that the facts establish that Carroll failed to exercise reasonable diligence to personally serve Sarko when Carroll failed to

7

pursue a viable lead to locate Sarko in Florida. We conclude that summary judgment was properly granted on that basis.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.