COURT OF APPEALS
DECISION
DATED AND FILED

September 11, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2213**

Cir. Ct. No. **2023SC2178**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

CRAMER, MULTHAUF LLP,

  PLAINTIFF-RESPONDENT,

 V.

JEFFREY SZCZERBINSKI,

  DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Waukesha County: MICHAEL J. APRAHAMIAN, Judge. *Affirmed*.

¶1 LAZAR, J.[1] Jeffrey Szczerbinski appeals from an order of the circuit court denying his motion for de novo review and discovery requests and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

granting judgment in favor of Cramer Multhauf LLP. This court concludes there was no erroneous exercise of discretion and affirms.

¶2 Szczerbinski engaged the law firm of Cramer Multhauf to provide legal services in divorce proceedings. He became dissatisfied with the firm's billing and "left some [bills] unpaid" in an attempt to motivate a response to his questions regarding the bills. On June 23, 2023, Cramer Multhauf filed a small claims action in Waukesha County seeking recovery of $6,500 in unpaid legal fees, plus interest and costs. Szczerbinski filed a contested answer to the complaint, triggering an order requiring the parties to proceed through mediation. A mediation date of August 14, 2023, was originally set, but this date was changed to August 21, 2023—a Monday—to accommodate Szczerbinski.

¶3 At 9:25 pm on August 18, the Friday before the scheduled mediation, Szczerbinski emailed the mediator to say, "Work has me out of town and I will need to reschedule." The next day, Saturday, Szczerbinski sent an email to Cramer Multhauf's attorney that said, "Mediation will need to be rescheduled as I have some business travel." The attorney responded with a statement that it was "too late to ask." Separately, the mediator explained that "[s]ince the Plaintiff is to schedule, [the mediator could not] reschedule without both the Plaintiff and the Defendant agreeing to reschedule." The mediator then sent Szczerbinski some procedural information and a link to attend the mediation, which was to be conducted remotely via Zoom, but Szczerbinski did not appear at the mediation on August 21. Cramer Multhauf moved the circuit court for default judgment, and after a hearing at which Szczerbinski appeared by Zoom, the court granted judgment in the firm's favor on September 12, 2023.

¶4      After the court commissioner denied two requests to reopen the judgment, Szczerbinski filed a "Demand for Trial" before the circuit court in addition to a motion for a change of venue.  In a hearing on October 13, the court directed Cramer Multhauf to file a formal motion in response to Szczerbinski's demand so that it could determine whether de novo review on the merits was appropriate.  The firm filed a "Motion to Dismiss/Deny Defendant's De Novo Review."  Szczerbinski responded and also filed multiple motions for discovery and a written request to "revisit" his earlier motion for a change of venue, which had been denied.  The court ultimately rejected all of Szczerbinski's motions and granted Cramer Multhauf's motion in an order dated November 7, 2023.  The court found that Szczerbinski "failed to attend mediation as required by local rules and court order and that there is no valid or excusable grounds for the failure to attend mediation" and concluded that Szczerbinski's request for de novo review was therefore "unnecessary and without merit."  Szczerbinski's discovery motions were denied as moot.

¶5      Szczerbinski appeals, arguing that he lacked proper notice of the mediation and that de novo review was his statutory right, that the denial of discovery violated his due process rights, and that his dispute with Cramer Multhauf should have been resolved through arbitration per the parties' agreement.

¶6      This court reviews the circuit court's denial of a motion to reopen a default judgment for de novo review on the merits under the deferential erroneous exercise of discretion standard.  *See **Haselow v. Gauthier***, 212 Wis. 2d 580, 587, 569 N.W.2d 97 (Ct. App. 1997).  Under that standard, the court's decision "will be sustained if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion

that a reasonable judge could reach." *Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, ¶41, 299 Wis. 2d 81, 726 N.W.2d 898 (citation omitted). Moreover, this court will not overturn a circuit court's factual finding unless it is clearly erroneous. *Freund v. Nasonville Dairy, Inc.*, 2019 WI App 55, ¶41, 389 Wis. 2d 35, 934 N.W.2d 913.

¶7 Szczerbinski asserts the same thing on appeal that he argued to the circuit court: that he did not have "proper notice" of mediation. The problem with his argument is that the Record shows that he did have actual notice of the mediation date, and it supports the circuit court's finding that there was no valid or excusable ground for Szczerbinski's failure to attend. In addition to the mediator's correspondence recapping a verbal discussion she had with Szczerbinski in which they agreed to changing the date from August 14 to August 21, there are Szczerbinski's emails to the mediator and the opposing attorney on August 18 and 19, respectively, indicating his desire to reschedule the mediation due to business travel. Obviously, Szczerbinski would not have sought to reschedule—before receiving the mediator's August 19 emails explaining the process and containing the Zoom link to the mediation—if he did not know when the mediation was scheduled.

¶8 Instead of denying that he had any notice whatsoever of the date on which mediation was scheduled, Szczerbinski seems to be contending that his failure to attend mediation was excusable because he "did not receive written, electronic, or verbal communication from the filing party of a scheduled mediation." He points to Local Rule 6.4, which requires "the party filing the case [to] contact a mediator and schedule mediation with the adverse party(ies)." But Szczerbinski admits that the local rule "does not give direction as to how the party filing the case must schedule or give notice to the defendant." He does not allege

4

that Cramer Multhauf failed to initiate the scheduling process with a mediator or provide authority for his contention that the notice he actually received violated his procedural due process rights. Given the proof in the Record that he had several weeks' notice of the mediation date, which had been changed previously to accommodate his schedule, Szczerbinski's argument that his due process rights "to be heard and to have a fair opportunity to prepare [his] case" are, at best, far-fetched; he had adequate opportunity to be heard and to prepare, he simply elected to wait until the weekend before his Monday morning mediation to ask the plaintiff to reschedule and then chose not to attend mediation when the plaintiff declined. As both the Small Claims Information Sheet ordering mediation (served upon Szczerbinski with Cramer Multhauf's complaint) and Local Rule 6.4(2) state, "Failure to attend mediation may be grounds to grant judgment or dismissal against the offending party." Szczerbinski has not shown that the circuit court's finding that he lacked excusable grounds for attending mediation was clearly erroneous or that the court's decision to deny a trial on the merits constituted an erroneous exercise of discretion.

¶9 None of Szczerbinski's other assertions constitutes a valid legal argument for reversal of the circuit court's order denying trial on the merits. WISCONSIN STAT. § 805.03 allows a court to enter an appropriate order, including for dismissal or default judgment, for "failure of any party to ... obey any order of court." *E.g.*, *Industrial Roofing Servs.*, 299 Wis. 2d 81, ¶43; *Buchholz v. Schmidt*, 2024 WI App 47, ¶75, ___ Wis. 2d ___, ___ N.W.3d ___. There is no statutory right to a de novo trial after the entry of default judgment, and Szczerbinski has not developed any argument or cited any precedent supporting the position that there is. Here, the court examined the relevant facts, applied the correct standard of law, and reasonably concluded that Szczerbinski's failure to

attend the mediation warranted judgment in favor of Cramer Multhauf; it did not erroneously exercise its discretion in this regard.

¶10     In light of this conclusion, Szczerbinski's other arguments related to his discovery requests and the arbitration clause in his contract with Cramer Multhauf are moot.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.